ELLIS, Judge.
Plaintiff sued in tort for damages because of the alleged negligent escape of fire from the land of the defendant, Burris, on to lands of the plaintiff, King.
The suit was filed September 11, 1951, and on October 1, 1951 the defendant filed exceptions of no right or cause of action and of vagueness. On October 5, 1951 the exceptions were argued and the trial court overruled the exceptions of no cause and no right of action, but sustained the exception of vagueness, ordering the plaintiff to amend his petition within 20 days, directing counsel for plaintiff to give in the amendment certain information, specifically: (1) Number of trees and size thereof that were destroyed by the fire; (2) number of trees damaged by the fire, and extent thereof; (3) the kind and nature of the improvements on the property that were destroyed by the fire, and (4) the kind and extent of the fence that were destroyed by the fire. The amended and supplemental petition was not filed until October 30, 1951, five days after the time allowed by the Court. An order signed by the District Judge allowing the filing of the amended petition was signed in Chambers at Boga-lusa, La., on October 29, 1951. On December 3, 1951 the defendant filed a motion to dismiss plaintiff’s suit upon the grounds the supplemental and amended petition was not timely filed, and arguments upon this motion were heard on December 7, 1951 when the Trial Court dismissed plaintiff’s suit at his cost.
An agreed statement of facts between counsel for plaintiff and defendant sets forth the following:
1. That on October 5, 1951, the plaintiff Cullie H. King was ordered to amend his petition in certain respects.
2. That this amendment was to have been made within 20 days, or by October 25, 1951.
3. That the amended petition was not filed until October 30, 1951.
4. That Honorable Robert D. Jones, District Judge, was out of the city of Boga-lusa from October 23, 1951 until the date when he signed the order authorizing the filing of the amended petition.
5. That among the duties and powers' conferred upon the Clerk of Court by statute, the power to authorize the filing of an amended petition is not included.
*781 6. That no action was taken by either party in the November term of Court which began on November 5, 1951 and ended November 9, 1951.
7. That the November term of Court was a criminal term, and that the motion herein was filed on the first day of the next civil term, that is the December term •of Court.
From the order dismissing plaintiff’s suit an appeal was taken.
It is clear the trial court exercised proper •discretion in allowing plaintiff time to file an amended and supplemental petition since an examination of the amended petition filed shows it would not change the nature of the demand or the substance of the issue in this cause. No doubt had it been filed within the time limit allowed it would have been admitted without objection and the case proceeded to trial on the merits. The motion to dismiss was based solely upon the fact that the petition was filed after the 20 day period allowed. Thus the only question presented to this Court is whether in dismissing plaintiff’s suit and not allowing the amended petition to be filed, the trial judge exercised his discretion in this matter so that it was an abuse thereof and would result in injustice.
Paragraph 4 of the agreed statement of facts herein, states that the trial judge was out of the City of Bogalusa from October 23, 1951 until the date the order authorizing the filing of the amended petition was signed, or October 29, 1951. •Counsel for appellant urges that an or•der to file an amended petition was a necessary prerequisite and one which could not be signed by the Clerk of the District Court, since this power is not included in the Revised States. There is no necessity to require permission of the Court to file an amended petition, complying with an order of the Court to do so, where an exception of vagueness was maintained. Tremont Lumber Co. v. May, 143 La. 389, 78 So. 650. Thus, while an exception of vagueness was maintained and the Court ordered plaintiff to amend, no further action was necessary by the Court to allow the filing of the amended petition, and plaintiff’s attorney could have completed its addition to the record by a mere filing with the Clerk of Court. It seems he should have, in an abundance of caution, filed this document even though he was under the impression leave of the Court was first necessary.
Counsel for the appellee-defendant cites a quotation from a text book to the effect the plaintiff’s petition may be dismissed when he has failed to amend his -petition within the delay allowed by the trial court. In support of this position, the author of the text book cited Goldsmith v. Virgin, 122 La. 831, 48 So. 279, and Dronette v. Meaux Bros., 156 La. 239, 100 So. 411. In the Goldsmith case an exception of no cause of action was maintained by the District Court and upon appeal the case was remanded for further procedure. The upper Court stated that if the petition was vague or uncertain on the trial of the case the plaintiff might be met with an exception of vagueness and insufficiency of allegations which, if well founded, would still allow an amendment. In the Dronette case it was held that an exception of no cause of action could not be made to take the place of an exception of vagueness. Consequently, we believe counsel for the defendant-appellee relies upon two cases alone, both of which are inapposite.
While it is true the allowance or refusal of amended petitions is largely within the sound discretion of the Court, and its action will not be-reversed unless manifest error and injustice will result, yet as stated many times in our jurisprudence, amendments are favored. In Thomas v. Leonard Truck Lines, Inc., La.App., 7 So.2d 753, 756, “The tendency now is to pursue a liberal rather than a strict attitude toward [‘amendments’]. To do so prevents a multiplicity of suits abhorred by courts.”
Article 419 of the Code of Practice allows the amendment of a petition even after issue is joined, if the substance of the original demand is not altered. In the present case, upon the direction of the Court, the amendments were designed to correct vague allegations and allow the defendant to answer specifically, thus present *782 ing a clearer issue of fact on the merits. Had the amended petition been allowed by the trial court no action could have been taken until the first day of the next civil term, or the December term of court in Washington Parish, since the November term of Court was a criminal term. The motion to dismiss was not filed until December 3, 1951. Under the jurisprudence amendments should be allowed when they further justice and do not prejudice the other párty. Williamson v. Williamson, 164 La. 144, 113 So. 796.
“Tendency of modern practice is not to yield to technicalities but aid filing of amendments as far as consistent with justice.” Southport Mills v. Friedrichs, 167 La. 101, 118 So. 818.
“Amendments to pleadings should always be allowed in promotion of justice where no injury results.” Kunnes v. Kogos, 168 La. 682, 123 So. 122, 65 A.L.R. 706.
“Where there is doubt as to the propriety of an amendment the benefit of such doubt should be given in favor of the amendment.” Eugster & Co. v. La Campagnie Commerciale De Transports a Vapeur Francais, 2 McGloin, 163.
There are numerous decisions before and since those cited showing amendments should be allowed where they will promote justice, and where neither the nature of the demand nor the susbstance of the issue is changed.
It is true these cases usually have considered a situation where the amendment was allowed, and the opposing party objected to its allowance. However, there is. no doubt as to the liberality of our jurisprudence in favoring amendments.
To hold in the present case that plaintiffs suit could be dismissed since the amended petition was filed five days after the time allowed by the trial judge would result in injustice. We do not mean to pronounce that a plaintiff has an unlimited time within which to comply with the direction of a court in allowing time to file amendments, but that in this particular case the amendment was timely and will promote justice and neither the nature of the demand nor the substance of the issue will be changed.
In Rawls v. Brotherhood of Railroad Trainmen Insurance Department, Inc., 213' La. 899, 35 So.2d 809, the Supreme Court held the “Refusal of trial judge to reopen case on plaintiffs request after both parties had rested, when all witnesses were in court so as to permit proof of plaintiff’s, case was arbitrary, and judgment dismissing suit would be reversed and case remanded for introduction of evidence by the parties in support of their contentions.”' In the body of the opinion we find:
“ * * * if we affirm the judgment under the circumstances in this case, it would be equivalent to denying the plaintiff her day in court. She should not be-deprived of her legal rights because of an-error on the part of her counsel. We have on numerous occasions remanded cases to the lower court in order that the true situation may be shown and substantial justice done.
“We reviewed the jurisprudence of this. Court in Succession of Robinson, 186 La. 389, 172 So. 429, and pointed out that the modern trend in the trial of law suits is to-render justice upon the merits oí the controversy rather than to defeat justice upon technicalities. We demonstrated therein that it was our duty to interfere when a trial court exercised a discretion vested in it in such a manner that an injustice is. done, or substantial rights are lost through mere technicalities.”
In Succession of Robinson the Supreme-Court quoted from the case of New Orleans v. Le Bourgeois, 50 La.Ann. 591, 23 So. 542: “Our courts have not hesitated to-afford relief against judgments irrespective-of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks, relief, and when the enforcement of the judgment would be unconscientious and inequitable.”
For the reasons assigned, the order dismissing plaintiff’s suit is annulled and set aside, and the case is remanded to the District Court for further proceedings according to law; the cost of this appeal to be borne by the appellee, and all other costs to await the final disposition of the case.