128 So.2d 310 (1961)
George FRANKS et ux., Plaintiffs and Appellants,
v.
CITY OF ALEXANDRIA et al., Defendants and Appellees.
No. 186.
Court of Appeal of Louisiana, Third Circuit.
March 22, 1961.
Rehearing Denied April 12, 1961.
*311 H. Alva Brumfield and Robert E. Turner, Baton Rouge, C. O. Brown, Alexandria, for plaintiffs-appellants.
Frank H. Peterman and B. Newton Hargis, by Frank H. Peterman, Alexandria, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is a wrongful death action instituted by George L. Franks and Lillie Mae Adams Franks against the City of Alexandria and the following officials and employees of said city: W. George Bowden, Jr., Mayor; S. J. Riche, Chief of Police; Samuel David Poe, Police Captain; and H. H. McManemin, Police Sergeant. Plaintiffs, the mother and father of Freddie Franks, allege that on March 29, 1958, Freddie Franks was arrested and taken into custody by police officers of the City of Alexandria, and that he died on June 6, 1958, as the result of injuries and mistreatment which he received while in the custody of the police officers.
An answer was filed by defendant H. H. McManemin, and the suit is still pending as to him. Exceptions of no right or cause of action were filed by all other defendants. These exceptions were argued and submitted, and judgment was rendered by the trial court on September 8, 1959, as shown by the following minute entry of that date:
"For reasons assigned in written Opinion of the Court this day handed down, judgment rendered overruling the exception of no right of action; judgment rendered sustaining exception of no cause of action as to City of Alexandria; judgment further rendered sustaining exception of no cause of action as to the defendants W. George Bowdon, Jr., S. J. Riche, and David Poe with the right reserved to plaintiff to file a supplemental and amending petition as to said defendants within 15 days from this date, otherwise the suit of plaintiffs as to defendants and exceptors is to stand dismissed as of non-suit. see opinion."
On September 24, 1959, obviously in an attempt to amend in compliance with the judgment of September 8, plaintiffs filed a supplemental and amended petition amending some of the allegations in the original petition and naming as additional parties-defendant, John Watson, P. D. White, and M. L. Broussard, all of whom are alleged to be law enforcement officers, agents and employees of the City of Alexandria.
On September 30, 1959, a formal decree was rendered and signed by the trial court (1) overruling the exceptions of no right of action filed herein; (2) sustaining the exception of no cause of action as to that defendant; (3) decreeing that the petition, even as amended, fails to state a cause of action against Mayor W. George Bowden, and accordingly dismissing this suit as of non-suit against that defendant; and (4) decreeing that the supplemental and amended petition had not been filed within the time allowed by the judgment of September 8, and accordingly dismissing this suit as of non-suit against the defendants, S. J. Riche and Samuel David Poe. Plaintiffs have appealed from that judgment.
On the day the foregoing decree was rendered and signed an exception or plea *312 of prescription of one year was filed in behalf of John Watson, P. D. White, and M. L. Broussard, all of whom were named as parties-defendant in the supplemental and amended petition. Since an appeal was taken from the judgment rendered on September 30, 1959, the exception or plea of prescription which was filed on that date has never been considered or determined by the trial court.
Several weeks after the appeal was lodged in this court, but before the case was argued or submitted, another plea of prescription of one year was filed in this court in behalf of the defendants, John Watson, P. D. White and M. D. Broussard. Also, before the case was submitted, plaintiffs filed in this court a motion to remand the case to the district court on the ground that the Legislature, by resolution, had authorized plaintiffs to institute this suit against the City of Alexandria. Attached to this motion is a certified copy of House Concurrent Resolution No. 67, adopted during the 1960 regular session of the Louisiana Legislature, purporting to authorize plaintiffs to institute this action against the City of Alexandria.
Plaintiffs contend primarily that the trial court erred in dismissing this suit as of non-suit against the defendants S. J. Riche and Samuel David Poe on the ground that plaintiffs' supplemental and amended petition was not timely filed. In the decree from which plaintiffs have appealed, the trial judge referred to the judgment rendered on September 8, 1959, as "the written opinion filed herein on September 5, 1959." It is apparent, therefore, that in rendering and signing that decree the trial judge was under the impression that he had allowed plaintiffs 15 days from September 5 to amend their petition, whereas he in fact had allowed them 15 days from September 8 to do so. Although the supplemental petition was filed on the sixteenth day after the first judgment was rendered, it is conceivable that the trial judge in his discretion may have permitted the amendments had he been aware of the correct date on which the original judgment was rendered.
In King v. Burris, La.App. 1 Cir., 57 So.2d 779, 781, the trial court sustained an exception of vagueness and ordered plaintiff to amend his petition within 20 days. Plaintiff filed a supplemental and amended petition five days after the expiration of the time allowed by the trial court, whereupon the trial court dismissed plaintiff's suit. The Court of Appeal, First Circuit, reversed the trial court, holding that plaintiff should be permitted to file the amended petition in spite of the fact that it was filed five days after the time allowed. In so holding the court said:
"While it is true the allowance or refusal of amended petitions is largely within the sound discretion of the Court, and its action will not be reversed unless manifest error and injustice will result, yet as stated many times in our jurisprudence, amendments are favored. In Thomas v. Leonard Truck Lines, Inc., La.App., 7 So.2d 753, 756, `The tendency now is to pursue a liberal rather than a strict attitude toward ("amendments"). To do so prevents a multiplicity of suits abhorred by courts.'
* * * * * *
"To hold in the present case that plaintiff's suit could be dismissed since the amended petition was filed five days after the time allowed by the trial judge would result in injustice. We do not mean to pronounce that a plaintiff has an unlimited time within which to comply with the direction of a court in allowing time to file amendments, but that in this particular case the amendment was timely and will promote justice and neither the nature of the demand nor the substance of the issue will be changed."
In Interstate Electric Company v. Interstate Electric Company, La.App. 2 Cir., 6 So.2d 39, 40, an exception of vagueness was sustained and plaintiff was allowed a *313 period of time within which to amend its petition. A supplemental or amending petition was not filed until nearly four years after the expiration of the time granted by the trial court. A few days after this supplemental and amended petition had been filed, defendant filed a motion to dismiss the suit on the ground that plaintiff had failed to file the amended petition timely. The Court of Appeal, Second Circuit, held that plaintiff should be permitted to file the supplemental and amended petition, since the order sustaining the exception of vagueness did not include the penalty of dismissal for failure to comply with it and defendant had filed no motion to dismiss prior to the time the amendments were made. The following language was used by the court:
"A judgment of dismissal in such an instant is based upon laches or presumed abandonment of its claim by plaintiff. But in the case at bar plaintiff's suit could not be dismissed before hearing on a motion to dismiss and if it had good, sound legal grounds for not furnishing the information ordered furnished by the court within the delay granted, it did not have to take any action until an attempt to dismiss his suit was made by defendant and if defendant was not actively pushing its advantage under the court's ruling or was guilty of laches itself in failing to urge its right, we fail to see how or why plaintiff should be condemned for its laches."
We are aware of the fact that in the instant suit, unlike the Interstate Electric Company case, the order sustaining the exception of vagueness included the penalty of dismissal for failure to comply with the order to amend. We think the cited case, however, illustrates that the tendency now is to pursue a liberal rather than a strict attitude toward allowing amendments in judicial proceedings. See also Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; Thomas v. Leonard Truck Lines, La.App. 2 Cir., 7 So.2d 753.
In the instant suit plaintiffs were allowed a very brief period of time within which to amend their petition, and the amendments were made within one day after that delay expired. While we, like the First Circuit Court of Appeal, do not mean to pronounce that a plaintiff has an unlimited time within which to comply with the direction of a court in allowing time to file amendments, we are convinced that, under the circumstances presented here, a judgment of dismissal is not warranted on the basis of laches or presumed abandonment by the plaintiffs, and that an injustice would result if plaintiffs are not permitted to file the amended petition, even though it was presented one day after the time allowed by the trial court had expired. We conclude, therefore, that the trial court erred in holding that plaintiffs' supplemental and amended petition was not timely filed.
A plea of prescription may be filed in the Court of Appeal at any time prior to final judgment, but an appellate court cannot maintain such a plea unless the record discloses from documents filed in the lower court or from testimony taken there that the plea is well founded. LSA-C.C. Art. 3464; LSA-C.C.P. Art. 2163; Causey v. Opelousas-St. Landry Securities Company, 187 La. 659, 175 So. 448; Theus v. Smith, La.App. 2 Cir., 189 So. 305; Rock v. Varuso, La.App. Orleans, 61 So.2d 741; Merchants Adjustment Bureau, Inc. v. Malta, La.App. 2 Cir., 102 So.2d 781. In our opinion, therefore, we may properly consider the plea of prescription of one year filed in this court by defendants, Watson, White and Broussard.
The injuries to the decedent, Freddie Franks, are alleged to have been sustained on March 29, 1958, and his death is alleged to have occurred on June 7, 1958. This suit was instituted on March 23, 1959, and the supplemental and amended petition naming Watson, White and Broussard as parties-defendant was filed on September 24, 1959. The original suit, therefore, was instituted within one year after the injuries *314 allegedly were sustained or the death occurred, but the amended petition naming these three exceptors as additional defendants was not filed until more than one year after those events took place. Exceptors contend that since they were not named as defendants until more than one year after the death occurred, plaintiffs are barred from maintaining this action against them by prescription of one year.
In the supplemental and amended petition, Watson, White and Broussard are alleged to be joint tort-feasors with the defendants named in the original petition, and, as such, plaintiffs contend that all of said defendants are liable in solido for the damages claimed. We agree that under the allegations contained in the pleadings all of the individuals named as defendants in this suit must be considered as joint tortfeasors and, if liability is established, they would be solidary obligors. LSA-C.C. Art. 2324; Abrego v. Tri-State Transit Co., La. App. 1 Cir., 22 So.2d 681; Knott v. Litton, La.App. 2 Cir., 81 So.2d 124.
Article 2097 of the LSA-Civil Code provides that "a suit brought against one of the debtors in solido interrupts prescription with regard to all." And, LSA-C.C. Art. 3552 provides that "a citation served upon one debtor in solido * * * interrupts the prescription with regard to all the others and even their heirs." In view of these provisions of the Code, we conclude that the timely filing of suit against McManemin, Riche and Poe interrupts prescription as to the defendants who were later named in the supplemental and amended petition. For that reason the plea of prescription filed by Watson, White and Broussard in this court must be overruled.
The pertinent allegations contained in the petition filed by plaintiffs, as amended and supplemented, are as follows:
"9.
"On or about March 29, 1958, Freddie Franks was arrested and taken into custody by defendant police Sgt. H. H. McManemin and police officer John Watson. (As amended.)
"10.
"The said H. H. McManemin and John Watson beat and struck Freddie Franks and knocked him to the sidewalk. (As amended.)
"11.
"The aforementioned beating committed on Freddie Franks, and the resulting fall to the sidewalk, was without cause, provocation or justification on the part of H. H. McManemin and John Watson. (As amended.)
"12.
"The beating and knocking of Freddie Franks to the sidewalk resulted in serious and painful injuries, particularly a brain concussion.
"13.
"The said arresting officers thereafter caused Freddie Franks to be lodged in the jail of the City of Alexandria after failing to obtain and denying the administration of medical aid to him.
"14.
"Freddie Franks remained in custody in the City Jail until on or about March 30, 1958, during which time defendants Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P.D. White and M. L. Broussard, and other police officers whose identities are unknown, saw him, knew he was in need of medical aid, and they and each of them, failed to obtain and denied the administration of medical aid. (As amended.)
"15.
"Upon information and belief petitioners aver that during the time that *315 Freddie Franks was in the custody of defendants and Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P. D. White and M. L. Broussard, and others he was subjected to violence at the hands of fellow prisoners. (As amended.)
"16.
"Freddie Franks died on or about June 6, 1958.
"17.
"The death of Freddie Franks was due to and caused by injuries sustained at the time of his arrest, and while he was in custody of defendants Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P. D. White and M. L. Broussard, and others, and the subsequent failure to provide and the denial of, medical aid. (As amended.)
"18.
"Petitioners now aver that the defendants, H. H. McManemin and John Watson were under a duty to refrain from beating Freddie Franks while effecting his arrest; the defendants Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P. D. White and M. L. Broussard were under the duty to see that no harm should come to the said Freddie Franks during the time he was in custody; and Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P. D. White and M. L. Broussard were under the duty to provide medical aid to the said Freddie Franks when he was in need of same. (As amended.)
"19.
"Petitioners now show that the defendants H. H. McManemin and John Watson were negligent and at fault, inter alia, through acts of omission and commission, by reason of their unwarranted beating and violence committed upon the decedent, Freddie Franks; that H. H. McManemin and John Watson failed to perform the duty to see that decedent was not subjected to unwarranted violence at the time of his arrest; that Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P. D. White and M. L. Broussard failed to notice the decedent's helpless condition and take steps to alleviate same; and allowing decedent to go without medical aid. (As amended.)
"20.
"Defendants, Stafford J. Riche, Samuel David Poe, H. H. McManemin, John Watson, P. D. White and M. L. Broussard, and others were law enforcement officers and servants, agents and employees of the City of Alexandria and were acting in the course and scope of their employment, and in the discharge of their official functions at the times mentioned herein and, as such, are liable both in their official and individual capacities. (As amended.)
"21.
"Petitioners show that the acts and omissions of the natural persons now or hereafter named as defendants were the acts and omissions of agents, servants and employees of the City of Alexandria and, as such, the City of Alexandria is liable in solido, for the damage caused thereby."
We find no allegations in the petition filed by plaintiffs which, if assumed to be true, would or could indicate liability on the part of Mayor W. George Bowden, Jr. The trial court, therefore, correctly sustained the exception of no cause of action insofar as this suit is directed against the defendant.
In our opinion, the allegations contained in the petition are sufficient to state *316 a cause of action against the defendants, Stafford J. Riche and Samuel David Poe. Planchard v. Klaw & Erlanger New Orleans Theaters Co., 166 La. 235, 117 So. 132, 60 A.L.R. 1086; Britt v. Merritt, 219 La. 333, 53 So.2d 121; Cobb v. Jeansonne, La.App. 2 Cir., 50 So.2d 100; Jackson v. Steen, La.App. 2 Cir., 92 So.2d 280; 47 Am.Jur., Sheriffs, Police, and Constables, Section 42; 80 C.J.S. Sheriffs and Constables § 117; 19 La.Law Review 910 (1959). We think the trial court erred, therefore, in sustaining the exceptions of no cause of action filed in behalf of these two defendants and dismissing the suit as to them.
The trial court sustained the exception of no cause of action filed in behalf of the City of Alexandria on the ground that an action ex delicto does not lie against a municipality for offenses or quasi offenses committed by its agents or employees while in the performance of purely governmental functions. In his written reasons for judgment, the trial judge cited and relied on the cases of Hicks v. City of Monroe Utilities Commission, La.App., 108 So.2d 127; Jones v. City of New Orleans, 143 La. 1073, 79 So. 865; Joliff v. City of Shreveport, 144 La. 62, 80 So. 200; Rush v. Town of Farmerville, 156 La. 857, 101 So. 243; Floyes, etc. v. City of Monroe, La.App., 194 So. 102; Taylor v. City of Shreveport, La.App., 29 So.2d 792; Shirley v. Town of Winnfield, La.App., 41 So.2d 136, and Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3. We might add to the authorities cited by the trial court: Barber Laboratories v. City of New Orleans, 227 La. 104, 78 So.2d 525; Barnett v. City of Monroe, La.App. 2 Cir., 124 So.2d 249; 16 La.Law Review 316 and 812 (1956); Fordham and Pegues, "Local Government Responsibility In Tort In Louisiana," 3 La.Law Review 720 (1941); Pugh, "Historical Approach to the Doctrine of Sovereign Immunity," 13 La.Law Review 476 (1953).
At the time this judgment was rendered, the Legislature of this State had taken no action to authorize the filing of such a suit against the City of Alexandria or to waive the sovereign immunity of that city from tort liability. As a matter of fact, under the law and jurisprudence which then existed, the Legislature had no authority under the Louisiana Constitution to waive the immunity of the city from tort liability. See Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594; and Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So.2d 793. In the Duree and Stephens cases, the Supreme Court held that although the Legislature may waive the State's immunity from suit under the provisions of Article III, section 35, of the Constitution, LSA, as then worded, the Legislature could not waive the sovereign's immunity from tort liability. An attempt by the Legislature to waive the State's immunity from tort liability, the Court held, would be unconstitutional. See McMahon and Miller, "The Crain Myth A Criticism of The Duree and Stephens Cases," 20 La.Law Review 449 (1960).
Obviously for the purpose of changing the rule applied in the Duree and Stephens cases, the Louisiana Legislature, by Act 621 of 1960, proposed amendments to Article III, section 35, of the Constitution, which amendments were adopted on November 8, 1960. This section of the Constitution, as amended, reads in part as follows:
"Section 35. The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, *317 as a waiver of the defendant's immunity both from suit and from liability. * * * The Legislature may waive any prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized; and any prescription or peremption which may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. * * * In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant's immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim."
In our opinion the above quoted provision of the Constitution, as amended in 1960, clearly authorizes the Legislature, by resolution, to waive the sovereign immunity of a municipality from tort liability. The Legislature, in its 1960 regular session, also enacted legislation to implement this amended constitutional provision. Acts 1960, No. 27 (LSA-R.S. 13:5101 to 13:5110).
The Legislature also in its 1960 regular session, adopted House Concurrent Resolution No. 67 which specifically authorizes plaintiffs to institute suit against the City of Alexandria "for damages resulting from the death of their son, Freddie Franks, on June 6, 1958, subsequent to his arrest and incarceration in the City of Alexandria by officers, agents and employees thereof." This resolution also contains the following pertinent provisions:
"Be It Further Resolved That the Legislature of Louisiana hereby acknowledges the responsibility of the City of Alexandria in this particular case for any negligence or tortious acts of its officers, agents and employees, if any there has been, and waives any immunity therefor; provided that this waiver of immunity be not construed as an admission of liability, which issue must be determined by the Courts as in any other case.
"Be It Further Resolved That the defendant in the suit herein authorized shall not be entitled to file a plea of prescription barring said claims. Any suits entered under the authority herein granted shall be retroactive and shall extend to any suits heretofore filed by George Franks and Lillie Mae Franks against the City of Alexandria." (Emphasis added.)
Counsel for defendants contends that this resolution is invalid as being in violation of a number of provisions of the Louisiana Constitution. He also urges the invalidity of the resolution on other grounds, including the argument that it purports to authorize a trial by jury in violation of the provisions of LSA-R.S. 13:5104. Since the resolution was not adopted until after this appeal was taken, the trial court has had no opportunity to consider these contentions. If the resolution on its face appears to have some constitutional basis, we feel that the proper procedure would be to remand the case to the district court where the resolution and the constitutional questions raised here may be considered.
The House Concurrent Resolution adopted during the 1960 regular session of the Legislature is adequate on its face to authorize plaintiffs to maintain a suit for damages against the City of Alexandria arising out of the death of their son. The fact that the resolution specifically provides that the authority therein granted "shall extend to any suits heretofore filed by *318 George Franks and Lillie Mae Franks against the City of Alexandria" indicates to us that it was intended to authorize the maintenance of this suit against the city and to waive the city's immunity from tort liability. Since we have been apprised by formal pleadings of the fact that such a resolution was adopted, and since it appears on its face to constitute sufficient authorization for the maintenance of this suit against the City of Alexandria, we feel that the ends of justice would be served by reversing the judgment of the trial court insofar as it dismissed the suit as to the City of Alexandria, and by remanding the case to the district court in order that plaintiffs may offer the resolution in evidence, reserving to defendants, however, the right to urge any objections or defenses they consider proper to the admission in evidence, to the consideration, or to the validity, effect or application of such resolution, including the right to contest it on constitutional grounds.
For the reasons herein set out, therefore, the judgment of the trial court is affirmed insofar as it overrules the exceptions of no right of action filed herein, and insofar as it sustains the exception of no cause of action filed by W. George Bowden, Jr., and dismisses this suit as to that defendant. In all other respects the judgment of the trial court is reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The right is specifically reserved to defendants to urge in the trial court any objections or defenses which they may consider proper to the introduction in evidence, to the consideration, or to the validity, effect or application of documents purporting to waive the sovereign immunity of the City of Alexandria from suit or liability in this case, including the right to contest the validity of any such document on constitutional grounds. The costs of this appeal will be assessed upon the final disposition of this suit.
Affirmed in part; reversed in part; and remanded.

On Application for Rehearing.
Rehearing denied, en Banc.