FRUGÉ, Judge.
This is a tort action brought by Herman Demars, Jr., against the town of Mansura and one of its employees, Earl Gaspard.
Plaintiff’s allegations are as follows: Earl Gaspard was employed by the Town of Mansura as assistant town marshal. While on duty, Gaspard negligently released tear gas around plaintiff’s face and eyes, causing plaintiff injury.
Plaintiff thereafter brought suit against the town and Earl Gaspard. Both defendants filed peremptory exceptions of no right or cause of action. The trial judge granted the defendant town’s exception and rejected defendant Earl Gaspard’s exception. From the judgment granting the town’s exception, plaintiff appeals.
The defendant town argues that it is immune from tort while performing a purely governmental function. It contends that since Gaspard was performing the purely governmental function of law enforcement, the town is not liable for any alleged torts committed by him as its employee in pursuing such function. It fur *329 ther argues that this immunity has not been waived by the State Legislature.
“It is well settled in the jurisprudence of this State that an action ex delicto does not lie against a municipality for offenses or quasi offenses committed by its agents or employees while engaged in performance of purely governmental functions.” Barnett v. City of Monroe, La.App. (2d Cir.), 124 So.2d 249, 252 and cases cited therein; Cook v. City of Shreveport, La.App. (2d Cir.), 134 So.2d 582; see also the many authorities on this proposition cited in Franks v. City of Alexandria, La.App., 128 So.2d 310, 316. “The appellants recognize the aforesaid as a rule well established in the jurisprudence of this state and concede that where a police officer such as Hendrix, engaging in the performance of the duties as such, commits a tort, the municipality, as his employer, is not liable in damages therefor because of its immunity from such liability.” Barnett v. City of Monroe, supra. It is only when this immunity from tort liability is waived by authorization of the Legislature that a municipality may be held liable in tort for negligent acts of its agents or employees. Franks v. City of Alexandria, supra.
The above cited authorities show that Gaspard’s activities in performing his duty as a law enforcement officer fall within the realm of being classified as a purely governmental function. The Town of Mansura, therefore, is immune from liability from any alleged torts committed by Gas-pard while performing this function, unless such immunity has been waived by authorization of the State Legislature. We find no evidence in the record indicating that plaintiff has secured a waiver of this immunity by the Legislature. Accordingly, we conclude that the trial court was correct in granting the Town of Mansura’s exception of no right or cause of action.
For the foregoing reasons the judgment of the district court is affirmed.
Affirmed.