439 So.2d 1111 (1983)
Edna Mae WILLIAMS
v.
George A. FISCHER, Secretary, Department of Health and Human Resources.
No. 83 CA 0600.
Court of Appeal of Louisiana, First Circuit.
September 19, 1983.
*1112 Leo Berggreen, Baton Rouge, for plaintiff-appellee Edna Mae Williams.
Sidney W. Hall, Baton Rouge, for defendant-appellant Roger P. Guissinger, Secretary, Dept. Health & Human Resources.
Before COVINGTON, COLE and SAVOIE, JJ.

ON MOTION TO DISMISS
COVINGTON, Judge.
On motion to dismiss filed by plaintiff-appellee, Edna Mae Williams, this Court issued an order to defendant-appellant, George A. Fischer, Secretary, Department of Health and Human Resources (DHHR), to show cause why the brief filed by DHHR should not be stricken. The motion urged that the brief should be stricken as though not filed due to non-compliance with Uniform Rules-Courts of Appeal, Rule 2-12 in numerous respects:
(1) The cover sheet incorrectly identifies the defendant-appellant as the defendant-appellee in violation of Rule 2-12.3.
(2) The brief fails to contain a statement of the jurisdiction of the court in violation of Rule 2-12.4.
(3) The brief fails to contain a syllabus of law in violation of Rule 2-12.4.
Appellee further urges that since the brief was filed on the last day possible after an abandonment notice had been issued, the appeal should now be considered abandoned.
The sanction permitted to be imposed for a non-conforming brief is left to discretion of the Court. The Court may strike the brief and may order that another brief be filed. Uniform Rules-Courts of Appeal, Rule 2-12.13. Dismissal of the appeal is not one of the permitted sanctions. An appeal is not to be dismissed for a mere technicality. Moreover, any motion to dismiss must be viewed in the sanctified light of favorability of appeals. See LSA-C.C.P. arts. 2161, 5051; U.S. Fire Insurance Company v. Swann, 424 So.2d 240 (La.1982).
The brief filed by DHHR does not comply with the rules in the mentioned respects. However, we feel that striking the brief under the circumstances of the instant case and/or dismissal of the appeal would be an unreasonably harsh remedy imposed on a party in deprivation of its right to appeal. Whether sanctions should be imposed against the offending counsel is a matter which may be addressed by the panel which hears the appeal.
Hence, we decline to strike the brief or to dismiss the appeal. The appeal also will not be considered abandoned since the brief was filed within the time period allowed by Rule 2-8.6, albeit on the last day, and is, thus, in conformity with the Uniform Rules of the Courts of Appeal.
ORDER RECALLED AND MOTION TO DISMISS DENIED.