hAMY, Judge.
The plaintiff alleges financial losses due to termination of his interest in a purported partnership with the defendants. The trial court sustained an exception of no cause of action filed by the defendants. The plaintiff appeals this determination. We reverse.
Factual and Procedural Background
On October 7, 1998, the plaintiff, Lynn Landry, filed a petition alleging that he had been approached by McArthur Girior, David Dolci, and Jackie Dolci, regarding the creation of a funeral home in the area of Many, Louisiana. Landry contends that the business, Les Fontaine Funeral Home (Les Fontaine), was organized under the Louisiana Domestic Corporation Law, that he was assured of a full partnership interest in the business, and that, despite his effort and contributions to the business, he was “unilaterally terminated” by the partners. He alleges that pursuant to La.Civ. Code arts. 2828, 2824, and 2825, he is entitled to recover damages due to “termination in his partnership interest!!]” Les Fontaine, Girior, David Dolci, and Jackie Dolci were named as defendants.
Les Fontaine, David Dolci, and Jackie Dolci filed Exceptions of Prescription and No Cause of Action asserting that the “law applicable to partnerships in Louisiana does not provide any relief to plaintiff, who has failed to allege facts sufficient to establish a partnership, in any form, under the laws of Louisiana.” They also alleged that insofar as any action described is delictual, the petition was filed more than three years after the acts complained of and, therefore, this type of action had prescribed.
| ^Following a hearing, the trial court sustained the exception of no cause of action. Due to this ruling, the court refrained from determining the prescription issue. The judgment, signed and filed on December 15, 1998, provides as follows:
IT IS HEREBY ORDERED that the exception of no cause of action be granted.
IT IS FURTHER ORDERED that the plaintiff be given thirty (30) days from the date of this order to amend the petition and if the plaintiff fails to amend, the action shall be dismissed.
Notice of the judgment was mailed on December 16,1998. The record contains a First Supplemental and Amending Petition filed by the plaintiff on January 19, 1999. There is no indication of any proceedings stemming from the petition.
*903 On April 8, 1999, however, the defendants filed a Motion for Judgment of Dismissal due to the expiration of the thirty-day period given to the plaintiff for amending the petition. The trial court signed a Judgment of Dismissal on April 12, 1999 which declared that the matter was dismissed effective January 15,1999.
On April 28, 1999, Landry filed a Motion for Devolutive Appeal which was subsequently granted. In his brief to this court, Landry contests the trial court’s determination that his original petition does not state a cause of action. In reply, the defendants first contend that Landry’s motion for appeal was untimely and, alternatively, turn to the merits of the argument asserting that the plaintiffs petition fails to allege facts sufficient for recovery.
Discussion

Timeliness of the Appeal

13As can be seen from the above description, the first issue before this court is whether Landry’s motion for appeal was timely. A devolutive appeal, that which was taken in this case, requires filing within sixty days of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for new trial or judgment notwithstanding the verdict, as provided under Article 1914.
La.Code Civ.P. art. 2087.
The defendants contend that the appeal was untimely since it was filed within sixty days of the judgment of dismissal, and not within sixty days after the exception of no cause of action was sustained. Our review of the jurisprudence does not support this position. The judgment sustaining the exception of no cause of action allowed a thirty day period for the filing of an amended petition. The judgment provided that barring such an amendment, “the action shall be dismissed.” Although the supreme court, in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239, explained that “[a] judgment maintaining an exception of no cause of action and dismissing the action completely is a final judgment which is appealable!,]” the judgment sustaining the exception in this case was not immediately followed with a judgment of dismissal at the lapse of the thirty day period.
In Charles v. Jeff Davis Met-La Head Start, 525 So.2d 1277, 1277 (La.App. 3 Cir.1988), a case also involving a judgment permitting amendment within an allotted time period and containing a default dismissal provision, a panel of this court stated:
|4A judgment that sustains an exception, but allows a period of time for the defect in the petition to be cured by amendment, is an interlocutory judgment. Coulon v. Gaylord Broadcasting, 408 So.2d 16 (La.App. 4th Cir.1981). This is so because even if the thirty day period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for dismissal. Taylor v. Consol. Rail Corp., 391 So.2d 1351 (La.App. 4th Cir.1980). This judgment does not dismiss the plaintiffs suit and does nothing more than allow an amendment of the petition pursuant to LSA-C.C.P. Art. 934. Coul-on, supra.
See also Herberg v. Dixon, 615 So.2d 1104 (La.App. 5 Cir.1993); Alker v. Rauch, 498 So.2d 28 (La.App. 1 Cir.1986); Taylor v. Consolidated Rail Corp., 391 So.2d 1351 (La.App. 4 Cir.1980). Thus, despite the passage of the amendment period and the provision that the matter shall be dismissed absent such an amendment, the matter is not dismissed until a formal judgment of dismissal is subsequently perfected. According to these cases, if no formal motion for dismissal has been filed, an amendment can be made even after the *904 expiration of the time set forth by the trial court. Prior to the formal dismissal, the judgment sustaining the exception of no cause of action is an interlocutory judgment, not a final appealable judgment.
Since, in the case sub judice, no motion for dismissal was filed by the defendant, the plaintiff could amend the petition even after the thirty day period set by the court. A peculiarity in this case is the judgment of dismissal, signed on April 12, 1999, which dismissed the case effective, January 15, 1999, the date the thirty day period expired. We conclude that this retroactive aspect of the dismissal is invalid as it would preclude the plaintiff from exercising his appellate ' rights, ie., he would have been unable to appeal prior to the dismissal due to prematurity and then would lBhave been unable to appeal after the dismissal due to untimeliness. Accordingly, we consider the appeal timely and turn to the merits of the case.

Exception of No Cause of Action

As explained above, the defendants filed an exception of no cause of action and, at the hearing on the matter, argued that the plaintiff alleged both that the funeral home was organized as a corporation and that he was entitled to recover under La.Civ.Code arts. 2823, 2824, and 2825, articles related to partnership. The defendants maintain that these 'articles are mutually exclusive and, therefore, the plaintiff cannot allege both and recover. With regard to the possibility of proceeding under remedies available in the presence of a partnership, the defendants contend that the plaintiff failed to allege that a partnership was created, only that he was entitled to a partnership interest. With regard to proceeding under laws available in the presence of a corporation, the defendants contend that the plaintiff has failed to allege that statutory procedural requirements have been satisfied prior to filing suit. In particular, the defendants note that the plaintiff did not allege that he was a shareholder in the corporation. In his brief to this court, the plaintiff contends only that the Civil Code articles, on their face, provide recovery in this situation.
An exception of no cause of action is used to determine the sufficiency in law of a petition. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690 (La.7/5/94); 640 So.2d 237. “The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true.” Id. at p. 2; 241(citations omitted). Explaining the standard used in evaluating the exception, the supreme court |fihas stated that “an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings.” Roberts v. Sewerage and Water Bd. of New Orleans, 92-2048, p. 1 (La.3/21/94); 634 So.2d 341, 343.
After reviewing the petition at issue, we do not conclude that any cause of action available to the plaintiff is precluded by any evidence that will be admissible under the pleadings. The Civil Code articles under which recovery is sought are as follows:
Art. 2823 Rights of a partner after withdrawal
The former partner, his successors, or the seizing creditor is entitled to an amount equal to the value that the share of the former partner had at the time membership ceased.
Art. 2824. Payment of interest of partner
If a partnership continues to exist after the membership of a partner ceases, unless otherwise agreed, the partnership must pay in money the amount referred to in Article 2823 as soon as that amount is determined together with interest at the legal rate from the time membership ceases.
*905 Art. 2825. Judicial determination of amount
If there is no agreement on the amount to be paid under Articles 2823 and 2824, any interested party may seek a judicial determination of the amount and a judgment ordering its payment.
The plaintiff has alleged that he was assured of a partnership interest in the funeral home, that he was “terminated” from the partnership by the defendants, and that, as a result of the termination of his partnership interest, he has suffered financial loss.
|7The supreme court has stated that “[w]hen it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence.” Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). Mindful of this pronouncement, we conclude that the facts of the petition do not preclude recovery under the partnership articles set forth above and advanced by the plaintiff. Rather, the facts alleged, if provable, indicate that the plaintiff was entitled to an interest in á partnership and that this interest was terminated. We conclude that these facts may permit recovery and, accordingly, the trial court erroneously sustained the exception of no cause of action. We, therefore, reverse the dismissal and the trial court’s judgment sustaining the exception of no cause of action and remand the matter for further proceedings.
DECREE
For the foregoing reasons, the judgments of the trial court are reversed insofar as the matter was dismissed and the exception of no cause of action was sustained. The matter is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.