# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 1672

# MELANIE HENRY

# VERSUS

# THE BOARD OF SUPERVISORS OF THE LOUISIANA COMMUNITY AND TECHINICAL COLLEGE SYSTEM, AND EARL MEADOR, INIDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF SOUTH CENTRAL LOUISIANA TECHNICAL COLLEGE, YOUNG MEMORIAL CAMPUS

Judgment Rendered: **SEP 1 8 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Docket No. 666889

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

G. Karl Bernard
Ashley DeMouy
Benjamin B. Perkins
New Orleans, Louisiana

Counsel for Plaintiff/Appellant,
Melanie Henry


Jeff Landry, Louisiana Attorney General
Ashley N. Mazerac, Assistant Attorney
General
Baton Rouge, Louisiana

William David Coffey
New Orleans, Louisiana

Counsel for Defendants/Appellees, the
Board of Supervisors of the Louisiana
Community and Technical College
System and Earl Meador, individually
and in his official capacity as director
of South Central Louisiana Technical
College, Young Memorial Campus

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.

**WOLFE, J.**

Plaintiff-appellant, Melanie Henry ("Henry"), appeals the September 27, 2019 judgment of the trial court rendered in favor of defendants-appellees, the Board of Supervisors of the Louisiana Community and Technical College System ("the Board") and Earl Meador, individually and in his official capacity as director of South Central Louisiana Technical College, Young Memorial Campus ("Meador"), sustaining the Board's and Meador's Motion to Dismiss and dismissing all claims against them, with prejudice. For the following reasons, we reverse the trial court's September 27, 2019 judgment and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

On March 12, 2018, Henry filed a Petition for Damages, asserting a defamation action and seeking damages including exemplary damages and attorney fees. The Board and Meador were named as defendants and filed an Answer to Petition for Damages, Motion to Strike, and Exceptions of Improper Service and Citation, Vagueness and Ambiguity, and No Cause of Action on June 29, 2018.

A hearing on the Exceptions of Vagueness and Ambiguity, Exception of No Cause of Action, and Motion to Strike was scheduled for August 20, 2018 and later re-set for December 3, 2018. Henry's counsel contacted the trial judge's office via telephone, on December 3, 2018, stating he had no opposition to the exceptions and motion to strike. The matter was submitted to the trial court, which sustained the Exception of Vagueness and Ambiguity and the Exception of No Cause of Action in open court, giving Henry thirty days to amend her petition. The trial court requested a written judgment.

Pursuant to Louisiana District Court Rule 9.5, counsel for the Board and Meador circulated a proposed judgment to Henry's counsel via fax on December 5,

2018. Henry's counsel did not object to the proposed judgment, which was filed with the trial court on December 19, 2018.

On December 27, 2018, the trial court signed the proposed judgment, decreeing, in pertinent part, as follows:

> This matter came for hearing on December 3, 2018 pursuant to a regularly scheduled hearing on Exceptions of Vagueness and Ambiguity, No Cause of Action and Motion to Strike ...
>
> ...
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Dilatory Exception of Vagueness and Ambiguity and Peremptory Exception of No Cause of Action are **GRANTED**, and that plaintiff, Melanie Henry, shall amend her Petition within 30 days of the hearing date. Failure to comply with the court's order to amend the action, claim, demand, issues, or theory shall result in dismissal, with prejudice, with all court costs assessed to plaintiff, in accordance with C.C.P. art. 934.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants' Motion to Strike is granted and that plaintiff's claim for exemplary damages and attorney fees (Petition for Damages, paragraph 36) is stricken and dismissed.

Notice of the trial court's December 27, 2018 judgment was mailed on January 2, 2019.

On January 8, 2019, Henry fax filed her First Amended Petition for Damages. Thereafter, on April 23, 2019, the Board and Meador filed a Motion to Dismiss, seeking dismissal of Henry's claims against them, pursuant to La. Code Civ. P. art. 934, on the grounds that the thirty-day deadline for Henry to amend her petition expired on January 2, 2019, and the First Amended Petition for Damages was not timely filed. The Board and Meador argued the December 27, 2018 judgment clearly stated Henry's failure to timely amend would result in dismissal of her claims.

The trial court heard the Motion to Dismiss on August 26, 2019 and granted the motion in open court. In its oral reasons for judgment, the trial court found the language of the proposed December 27, 2018 judgment required Henry to amend her petition within thirty days of the hearing, the proposed judgment was

3

circulated, and Henry's counsel did not object to the language. Thus, the trial court concluded the parties agreed to the language and the time limit to amend the petition was thirty days from the date of the hearing. On September 27, 2019, the trial court signed a Judgment of Dismissal, sustaining the Motion to Dismiss and dismissing all claims brought against the Board and Meador.

Henry now appeals, assigning as error the trial court's granting of the Board's and Meador's Motion to Dismiss her First Amended Petition for Damages as untimely and the trial court's interpretation of La. Code Civ. P. art. 1914 regarding interlocutory judgments.

## DISCUSSION

The merits of the December 27, 2018 judgment are not before us and we express no opinion as to whether the original Petition for Damages was vague, ambiguous or set forth a cause of action against the defendants; nevertheless, our review of the September 27, 2019 Judgment of Dismissal necessitates an analysis of the substance of the December 27, 2018 judgment and the required notice thereof. Although the trial court granted both the Board's and Meador's Exception of Vagueness and Ambiguity and their Exception of No Cause of Action, the December 27, 2018 judgment solely referenced dismissal for failure to timely amend, pursuant to La. Code Civ. P. art. 934. Accordingly, our review is limited to whether the trial court properly dismissed Henry's claims against the Board and Meador, pursuant to the provisions of La. Code Civ. P. art. 934 which state as follows:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

4

In her first and second assignments of error, Henry argues the trial court ordered that its ruling granting the Exception of Vagueness and Ambiguity and the Exception of No Cause of Action be reduced to writing; thus, notice of judgment was required under La. Code Civ. P. art. 1914, but it was not mailed until January 2, 2019—thirty days after the December 3, 2018 hearing. Henry argues her time to amend commenced on the date the clerk mailed the notice of judgment, and she timely filed her First Amended Petition for Damages within six days of the mailing of the notice of judgment.[1] In response, the Board and Meador argue the trial court's ruling in open court on December 3, 2018, granting the exceptions, constituted notice to all parties, and Henry's counsel voluntarily acquiesced to the language of the December 27, 2018 judgment.[2]

The December 27, 2018 judgment is an interlocutory judgment, rather than final, as it as it does not determine the merits in whole or in part but only preliminary matters in the course of the action. *See* La. Code Civ. P. art. 1841; *see also* **Burniac v. Costner**, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So.3d 1204,

---

[1] Henry argues for the first time on appeal that La. Code Civ. P. art. 1914(D) allows her ten days from the notice of judgment in order to file her amended petition. Nevertheless, for the reasons addressed in this opinion, we do not reach this issue.

[2] The Board and Meador argue Henry's appellant brief contains no discussion of the applicable standard of review for each assignment of error, in violation of Uniform Rules-Courts of Appeal, Rule 2–12.4(A)(9)(b), and should be stricken. As noted by the Board and Meador, the sanction permitted to be imposed for a non-conforming brief is left to discretion of the court. **Williams v. Fischer**, 439 So.2d 1111, 1112 (La. App. 1st Cir. 1983). The Board and Meador correctly note the court may strike the brief and order another brief to be filed. **Id.** (*citing* Uniform Rules-Courts of Appeal, Rule 2–12.13). Whereas Henry's apparent failure to include a discussion of this court's standard of review violates the Uniform Rules of the Courts of Appeal, we decline to strike the appellant's brief, because appeals are favored in the law. *See* **Shell Pipeline Corp. v. Kennedy**, 2000-3207 (La. 10/16/01), 799 So.2d 475, 478. Moreover, we find striking the brief under the circumstances of the instant case would be an unreasonably harsh remedy imposed on a party in deprivation of their right to appeal. *See* **Williams**, 439 So.2d at 1112.

The Board and Meador further contend Henry has asserted no assignment of error contesting the trial court's ruling dismissing her claims, and Henry's appeal should be dismissed as abandoned in this regard. Nevertheless, Henry's first assignment of error asserts the trial court erred in granting the Board's and Meador's Motion to Dismiss her First Amended Petition for Damages as untimely. Accordingly, the Board's and Meador's argument, in this regard, lacks merit.

5

1208-09. Discussing the finality of a judgment similar to the December 27, 2018

judgment herein, this court in **Burniac**, *supra*, found as follows:

> ... the ... judgment before us appears to be a partial judgment, as it does not adjudicate all of the claims, demands, issues, or theories against a party in the case. Further, the judgment is not certified nor can it otherwise be considered a final judgment pursuant to La. C.C.P. art. 1915. While a portion of the judgment sustains the peremptory exceptions raising the objection of no cause of action ... and further provides for the dismissal of the action ... in the event the [plaintiffs] do not amend the petition to remove the grounds for the objection, that portion of the judgment is not final. It has been held that such a decree does not constitute a final judgment, because it merely permits an amendment within the delay allowed by the court as provided by La. C.C.P. art. 934 and does not dismiss the plaintiff's suit nor any party to the suit. Hence, even if the delay period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for dismissal.

**Burniac**, 277 So.3d at 1208-09.

> As to notice of interlocutory judgments, La. Code Civ. P. art. 1914 states:
>
> A. Except as provided in Paragraphs B and C of this Article, the rendition of an interlocutory judgment in open court constitutes notice to all parties.
>
> B. The interlocutory judgment shall be reduced to writing if the court so orders, if a party requests within ten days of rendition in open court that it be reduced to writing, or if the court takes the interlocutory matter under advisement. The clerk shall mail notice of the subsequent judgment to each party.
>
> C. If the interlocutory judgment is one refusing to grant a new trial or a judgment notwithstanding the verdict, the clerk shall mail notice to each party regardless of whether the motion is taken under advisement. The delay for appealing the final judgment commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
>
> D. Except as provided in Paragraph C of this Article, each party shall have ten days either from notice of the interlocutory judgment, or from the mailing of notice when required to take any action or file any pleadings in the trial court; however, this provision does not suspend or otherwise affect the time for applying for supervisory writs, nor does it affect the time for appealing an interlocutory judgment under Article 2083.
>
> E. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.

Although the trial court granted the Exception of Vagueness and Ambiguity and the Exception of No Cause of Action in open court at the December 3, 2018 hearing, the trial court ordered the judgment to be reduced to writing in accordance with the provisions of La. Code Civ. P. art. 1914(B), making the notice provisions of La. Code Civ. P. art. 1914(A) inapplicable herein. Where the trial court orders the judgment to be reduced to writing, "[t]the clerk shall mail notice of the subsequent judgment to each party." La. Code Civ. P. art. 1914(B).

Henry's counsel was not present in court on December 3, 2018 when the trial court ruled on the exceptions. Although Henry does not appear to have objected to the language of the December 27, 2018 judgment, the judgment circulated was only a proposed judgment. In this regard, it is well-settled that prior to final judgment a trial court may, at its discretion and on its own motion, change the result of interlocutory rulings it finds to be erroneous. **VaSalle v. Wal-Mart Stores, Inc.**, 2001-0462 (La. 11/28/01), 801 So.2d 331, 334. Considering such, notice of the signed judgment was essential.

Notice of the signed judgment was mailed on January 2, 2019, which was the deadline for Henry to amend her Petition for Damages per the language of the December 27, 2018 judgment. Nothing in the record reflects that Henry's counsel received the signed judgment on or before January 2, 2019. Rather, Henry's counsel alleges he received notice of the judgment on January 3 or 4, 2019. Henry then fax filed her First Amended Petition for Damages on January 8, 2019, six days after the notice of judgment was mailed. The record reflects citation of the First Amended Petition for Damages was served on or about January 18, 2019. However, the Board and Meador did not file their Motion to Dismiss until several months later on April 23, 2019.

The language of La. Code Civ. P. art. 934 and Louisiana jurisprudence reflect that the lapse of the time to amend does not automatically result in dismissal

7

of the plaintiff's claims; rather, some action on behalf of the trial court or defendants is required. *See* La. Code Civ. P. art. 934 ("... if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory *shall* be dismissed."); *see also* **Landry v. Les Fontaine Funeral Home, Inc.**, 99-1157 (La. App. 3d Cir. 12/8/99), 755 So.2d 901, 903-04 ("despite the passage of the amendment period and the provision that the matter shall be dismissed absent such an amendment, the matter is not dismissed until a formal judgment of dismissal is subsequently perfected ... if no formal motion for dismissal has been filed, an amendment can be made even after the expiration of the time set forth by the trial court"). As this court has noted, even if the delay period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for procedural dismissal. *See* **Burniac**, 277 So.3d at 1209; **Schroeder v. Board of Supervisors of Louisiana State University**, 540 So.2d 380, 382 (La. App. 1st Cir. 1989); **Landry**, 755 So.2d at 903-04; *see also* **Taylor v. Consolidated Rail Corp.**, 391 So.2d 1351, 1352 (La. App. 4th Cir. 1980).

In the present factual posture, where the First Amended Petition for Damages was filed several months before the Board and Meador filed their Motion to Dismiss, we find the trial court had discretion in determining whether the Motion to Dismiss should be granted. *Contra* **Batson v. Cherokee Beach & Campgrounds, Inc.**, 470 So.2d 478, 479 (La. App. 1st Cir. 1985) (where the record demonstrated on its face that the plaintiff did not timely file his amended petition prior to the time the defendants filed the motion to dismiss, this court found the trial court had no discretion and the order of dismissal had to be granted).

As outlined above, Henry filed her First Amended Petition for Damages within six days of the mailing of the notice of the December 27, 2018 judgment (which was mailed on the deadline to amend) and several months before the Board

8

and Meador filed their Motion to Dismiss. There has been no evidence that Henry's failure to amend was a willful refusal of the trial court's order, and this case is not one in which the delay involved either interfered with the orderly administration of justice or prejudiced the defendants. In fact, the Board and Meador appear to have engaged in discovery after the filing of the First Amended Petition for Damages, as the record includes the February 15, 2019 filing of a Notice of Records Deposition directed to South Louisiana Community College and the Louisiana Technical College System, which was scheduled for March 12, 2016.[3] Moreover, the Board and Meador have not argued and we do not find they were prejudiced by the untimely filing.

In **Franks v. City of Alexandria**, 128 So.2d 310 (La. App. 3d Cir. 1961), the trial court dismissed the plaintiffs' petition, which was filed one day after the lapse of the fifteen-day deadline to file a supplemental and amending petition, as set forth in the trial court's order granting the defendants' exception of no cause of action and decreeing plaintiffs' suit would "stand dismissed as of non-suit" for failure to file a supplemental and amending petition. **Id.** at 311. The plaintiffs appealed.

Finding the tendency now is to pursue a liberal rather than a strict attitude toward allowing amendments in judicial proceedings, the Third Circuit Court of Appeal noted plaintiffs were allowed a very brief period of time within which to amend their petition, and the amendments were made within one day after that delay expired. **Id.** at 313. Citing this court's decision in **King v. Burris**, 57 So.2d 779 (La. App. 1st Cir. 1952), which analyzed the propriety of the dismissal of the plaintiff's suit for failure to timely amend his petition in response to an exception of vagueness, the Third Circuit stated "[w]hile we, like the First Circuit Court of

---

[3] The scheduling of the Notice of Records Deposition for "March 12, 2016" appears to be a typographical error.

9

Appeal, do not mean to pronounce that a plaintiff has an unlimited time within which to comply with the direction of a court in allowing time to file amendments, we are convinced that, under the circumstances presented here, a judgment of dismissal is not warranted on the basis of laches or presumed abandonment by the plaintiffs, and that an injustice would result if plaintiffs are not permitted to file the amended petition, even though it was presented one day after the time allowed by the trial court had expired." **Id.** The Third Circuit concluded, therefore, that the trial court erred in holding that plaintiffs' supplemental and amended petition was not timely filed. **Id.**

As in **Franks**, we are convinced a judgment of dismissal is not warranted herein, pursuant to La. Code Civ. P. art. 934. An injustice would result if Henry was not permitted to file her First Amended Petition for Damages, even though it was presented six days after the time allowed by the trial court had expired.[4] This is true especially where the tendency now is to pursue a liberal rather than a strict attitude toward allowing amendments in judicial proceedings. **Franks**, 128 So.2d at 312 (*citing* **King**, 57 So.2d at 781). Accordingly, under the instant circumstances, we find the trial court abused its discretion in granting the Motion to Dismiss and dismissing Henry's claims.[5]

---

[4] We, however, express no opinion as to whether the First Amended Petition for Damages is vague and ambiguous or sets forth a cause of action against defendants.

[5] Although the language of the December 27, 2018 judgment did not address dismissal under La. Code Civ. P. art. 933, we find the result herein would be the same regarding Henry's filing of her amended petition in response to the granting of the Exception of Vagueness and Ambiguity. *See* **Roby v. Leonard**, 209 So.2d 182 (La. App. 1st Cir. 1968) (the trial court dismissed the plaintiff's suit for failure to timely amend his petition to cure an exception of vagueness, despite the plaintiff's attempt to file an amended and supplemental petition prior to the defendants filing a rule to show cause for dismissal; on appeal, this court reversed the trial court's judgment of dismissal, concluding the defendant waived the right to have plaintiff's suit dismissed for failure to comply with the court order, where the judgment ordering the amendment within sixty days did not provide for dismissal for failure to comply with the court order and the plaintiff filed its amended and supplemental petition before the defendants moved for dismissal); *see also* **Wright v. Ruston Daily Leader**, 612 So.2d 980 (La. App. 2d Cir. 1993) (the trial court dismissed the plaintiff's defamation suit because he failed to timely amend his petition in response to an order giving him fifteen days within which to either amend his petition to cure the vagueness or face dismissal of his petition; however, the appellate court found the trial court erred in granting the motion to dismiss as plaintiff sought to amend his petition several weeks before defendants made

## CONCLUSION

For these reasons, we reverse the trial court's September 27, 2019 judgment, sustaining the Motion to Dismiss filed by the Board of Supervisors of the Louisiana Community and Technical College System and Earl Meador, individually and in his official capacity as director of South Central Louisiana Technical College, Young Memorial Campus and dismissing all claims against them, with prejudice. We remand this case for further proceedings.

Appeal costs in the amount of $874.00 are assessed against the appellees, the Board of Supervisors of the Louisiana Community and Technical College System and Earl Meador, individually and in his official capacity as director of South Central Louisiana Technical College, Young Memorial Campus.

**REVERSED AND REMANDED.**

---

any objection and it was neither a case in which plaintiff's failure to amend was a willful refusal of the trial court's order nor one in which the delay involved either interfered with the orderly administration of justice or prejudiced the defendants).

As in **Roby**, it is also true in the instant case that the judgment ordering the amendment within thirty days did not provide for dismissal for failure to comply with the court order, pursuant to La. Code Civ. P. art. 933 as to the Exception of Vagueness and Ambiguity. Moreover, as in **Wright**, Henry filed her First Amended Petition for Damages prior to the Board and Meador moving for dismissal. Accordingly, under these circumstances, we find the result herein would be the same under La. Code Civ. P. art. 933.