_]¿FOGG, J.
In this workers’ compensation case, the salient issue raised on appeal is whether the claimant forfeited his benefits pursuant to LSA-R.S. 23:1208.1 due to his untruthful denial on his application for employment of the existence of a known medical condition. For the following reasons, we affirm.
In October of 1999, J. Carmen Suarez, a 58-year-old Mexican immigrant, utilized the assistance of his daughter during the application process for a job with Anderson Industrial Scaffolding (AIS). Mr. Suarez represented on the application that he had no previous back problems or surgeries. On July 11, 2000, Mr. Suarez injured his back while working for AIS. During treatment of his back injury, he underwent an MRI, which showed that he had had a prior back surgery.
Mr. Suarez filed a claim for workers’ compensation benefits. AIS responded by filing a motion for summary judgment, contending Mr. Suarez’s failure to disclose the prior back surgery prevented his recovery for treatment for his current back complaints under LSA-R.S. 23:1208.1. The workers’ compensation judge granted the motion for summary judgment. Mr. Suarez appeals.
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La. 10/31/97), 703 So.2d 29. Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Sanders, 696 So.2d at 1035.
LSA-R.S. 23:1208.1 provides as follows:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury |sfund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
Initially, Mr. Suarez asserts that genuine issues of material fact exist as to whether he understood the inquires in the application concerning prior medical conditions and surgeries.
By affidavit, Billy Bass, Vice President of Safety and Risk Management for AIS, testified that he and Mr. Suarez’s daughter *144 were present when Mr. Suarez applied for a position with AIS. He stated that he read aloud to Mr. Suarez each of the inquiries on the application concerning prior medical conditions and surgeries.
The evidence before the trial court reflects that Mr. Suarez’s daughter assisted him in completing the application for employment and that he represented in the application that he was fluent in both English and Spanish. Additionally, Mr. Suarez’s application for employment included a preparer/translator certification that was signed by Mr. Suarez’s daughter.
It is also undisputed that, on the application, Mr. Suarez denied having any back problems or surgeries on any part of his body. However, an MRI showed that Mr. Suarez had had surgery on his back at L4-L5. In his deposition, Mr. Suarez admitted that he underwent surgery in Mexico in the 1980’s. Therefore, we find no merit to Mr. Suarez’s bare assertion that genuine issues of material fact exist as to his lack of truthfulness.
Mr. Suarez further asserts that his prior surgery is not directly related to his work accident and injury. The medical condition for which Mr. Suarez claims benefits is a back injury. Clearly, Mr. Suarez’s failure to answer truthfully is directly related to the medical condition for which he claims benefits. See Trench v. Harmony Const. Co., 95-1851 (La.App. 1 Cir. 4/4/96), 672 So.2d 330, writ denied, (La.6/7/96), 674 So.2d 973.
Finally, Mr. Suarez asserts that the notice requirements of LSA-R.S. 23:1208.2 were not met by the application as it incorrectly cited the applicable statute as LSA-R.S. 23:1209.1, rather than LSA-R.S. 23:1208.1.
The notice in Mr. Suarez’s application was prominently displayed in bold faced block lettering of no less than ten point type in compliance with LSA-RS 23:1208.1. However, the notice read as follows:
WARNING: PURSUANT TO LSA-RS 23:1209.1, I UNDERSTAND THAT THE FAILURE TO ANSWER TRUTHFULLY ANY OF THE ABOVE QUESTIONS MAY RESULT IN A DENIAL OF ANY RIGHT I OR MY DEPENDENTS MAY HAVE TO WORKER’S COMPENSATION BENEFITS, INCLUDING MEDICAL TREATMENT AND EXPENSES. (Emphasis added.)
There is no indication that Mr. Suarez was somehow prejudiced by the typographical error. The notice was clearly marked with the necessary warning in the proper wording and typeface. Clearly, the typographical error relating to the statute number had no bearing on Mr. Suarez’s decision to be less than truthful on his employment application to the prejudice of his employer.
For the foregoing reasons, we affirm the judgment of the workers’ compensation judge. Costs are assessed to the appellant, J. Carmen Suarez.
AFFIRMED.