|,CARTER, C.J.
This is an appeal from a decision by a workers’ compensation judge (WCJ) that plaintiff, Arnold J. Ambeau, forfeited his entitlement to workers’ compensation benefits pursuant to LSA-R.S. 23:1208.1. We affirm.
BACKGROUND
Plaintiff began working for defendant, Cajun Constructors, Inc., as a laborer on December 26, 2000. On that date, plaintiff completed and signed a Post Offer of Employment Medical Inquiry form, indicating that he had never suffered a previous injury to his lower back, that he had never had a medical problem concerning his lower back, and that he had never received medical treatment for any back problem. Plaintiff also completed and signed a health history form in connection with his pre-employment medical exam on the same date. In the health history form, plaintiff again indicated that he had never experienced any prior back pain or problems with a disc or muscle in his back. It is undisputed that both forms complied with the requirements of LSA-R.S. 23:1208.1 by clearly notifying plaintiff that his failure to answer truthfully could result in the forfeiture of workers’ compensation benefits in the future.
On April 28, 2001, while working in the tool room at a job site for defendant, plaintiff allegedly injured his lower back when he attempted to move a generator. He reported the unwitnessed accident to defendant, and defendant began paying wage indemnity and medical benefits to plaintiff. Plaintiff sought treatment at the Earl K. Long Medical Center emergency room and walk-in clinic (EKL) for lower back pain that was radiating into his right leg. On April 29, 2001, plaintiff complained to the emergency room physician that he had been experiencing lower back and right leg pain for approximately one month, but he did not specifically mention the work accident that had occurred the day before. EKL records indicate that plaintiff had received treatment in the EKL emergency room a few weeks earlier, on March 14, 2001, for lower back pain after lifting a water cooler at work. Plaintiff returned to *966 EKL on May 10, 2001, for back pain related to the alleged generator-lifting incident of April 28th.
LOn May 25, 2001, plaintiff saw Dr. Steven L. Holmes for continued lower back and right leg pain. He was diagnosed with a lumbar strain and a herniated disc at the L5-S1 level. On May 29, 2001, plaintiff was seen by Dr. John E. Clark, who diagnosed degenerative lumbar disc disease at the L5-S1 level with a disc herniation producing right leg sciatica. Dr. Clark’s records indicate that plaintiff reported he was pain-free until the April 28th generator incident at work. Plaintiff saw a neurosurgeon, Dr. Horace L. Mitchell, on August 15, 2001, but did not report any prior low back problems or injuries. Based upon plaintiffs history and diagnostic tests, Dr. Mitchell recommended surgery to remove the herniated disc that plaintiff related to the April 28th work accident. However, on October 30, 2001, defendant suspended plaintiffs workers’ compensation benefit payments, disputing that a work accident had caused plaintiffs back injury. Plaintiffs surgery was never performed.
After defendant suspended plaintiffs workers’ compensation benefits, plaintiff filed a disputed claim for compensation on November 1, 2001. During the course of litigation, defendant discovered that plaintiffs medical records from EKL reflected that plaintiff was seen in the emergency room and walk-in clinic a total of eight times during 1991, once in 1993, and once in 1995, each time for low back pain with radiating pain into his right leg. The back pain was related to lifting a heavy garbage can in 1991 and picking up a refrigerator in 1993. The records also revealed that in 1991, plaintiff underwent diagnostic testing at EKL that confirmed he had a disc herniation at the L5-S1 level. Thus, plaintiffs medical history clearly revealed to defendant that plaintiff had previously sustained injuries to his low back in 1991 and 1993, and that he had been treated for a lower back condition with radiating right leg pain for many years prior to his alleged accident on April 28, 2001, and many years before he was hired by defendant on December 26, 2000. Therefore, it became evident that plaintiff had untruthfully answered questions regarding his medical history when he completed defendant’s Post Offer of Employment Medical Inquiry form and again when he completed the pre-employment medical exam health history form. The medical records also showed that plaintiff failed to disclose his prior injuries and Lproblems with his lower back to his treating physicians after the alleged work accident.
At trial on July 29, 2002, plaintiff admitted that he had misrepresented to defendant and to his doctors that he had not experienced prior back problems or injuries, and that his answers on the medical inquiry form and the medical history form were false. Plaintiff testified that he had simply forgotten about his prior back problems and that up until the injury on April 28, 2001, he had always been able to continue to work. Because he was always able to work, plaintiff testified that he did not consider his prior back problems to be serious. Based upon plaintiffs testimony and the documentary evidence, the WCJ concluded that although plaintiff proved that a work accident had occurred, he had forfeited his right to workers’ compensation benefits because he had made misrepresentations for the purpose of obtaining benefits and had violated LSA-R.S. 23:1208.1. A judgment was signed on July 31, 2002, dismissing plaintiffs claim at his cost. Plaintiff appeals, alleging that the WCJ committed manifest error in finding that he had willfully made misrepresentations in order to obtain benefits, and in *967 finding that he had violated LSA-R.S. 23:1208.1.[1]
LAW AND ANALYSIS
The Louisiana Workers’ Compensation Act contains an anti-fraud provision, LSA-R.S. 23:1208.1, that applies to employment-related questioning of an employee or prospective employee by an employer concerning a prior injury, when there is no pending workers’ compensation claim. Resweber v. Haroil Const. Co., 94-2708, p. 2 (La.9/5/95), 660 So.2d 7, 9. The statute results in the forfeiture of a claimant’s workers’ compensation benefits when (1) the claimant made false statements concerning a prior injury in response to such an inquiry, (2) the false statements are directly related to the medical condition for which the claimant is seeking benefits or to the employer’s ability to receive reimbursement [ ¡j'rom the second injury fund, and (3) the employer has provided contemporaneous notice to the claimant that false statements made in response to the inquiry may result in forfeiture of workers’ compensation benefits. Trench v. Harmony Const. Co., 95-1851, p. 4 (La. App. 1 Cir. 4/4/96), 672 So.2d 330, 332, writ denied, 96-1130 (La.6/7/96), 674 So.2d 973.
In the instant case, plaintiff concedes that he made false statements on defendant’s pre-employment questionnaire and health form regarding his medical history. Further, it is undisputed that defendant complied with the notice requirements of LSA-R.S. 23:1208.1, because both the questionnaire and the health form contained prominently displayed written notices advising plaintiff that his failure to answer truthfully may result in the forfeiture of his workers’ compensation benefits. Plaintiff admitted at trial that the lower back and right leg pain for which he was seeking benefits was the same pain he had experienced in 1991, many years before he was hired by defendant.
The WCJ made a factual finding that plaintiff had made misrepresentations for purposes of obtaining workers’ compensation benefits and that he had forfeited his right to benefits by violating LSA-R.S. 23:1208.1. Plaintiff argues that the WCJ’s reference to “misrepresentations” was a finding that he had forfeited his right to benefits under LSA-R.S. 23:1208. After a careful reading of the WCJ’s ruling, we disagree with plaintiffs interpretation. The WCJ specifically referenced LSA-R.S. 23:1208.1 in the judgment. The record clearly supports the WCJ’s finding that plaintiff made false statements (i.e. misrepresentations) concerning his previous lower back injuries and treatments in response to defendant’s pre-employment questionnaire and medical history health forms. The record also supports a finding that the false statements regarding the previous lower back problems directly relate to the medical condition (lower back pain) for which he now claims benefits. The existence of plaintiffs herniated disc at the L5-S1 level with radiating right leg pain before he was hired by defendant meant that plaintiff was susceptible to a subsequent aggravating injury at the L5-S1 level. An aggravation of plaintiffs lower back condition was very likely to occur given plaintiffs medical history. Thus, | f;defendant was prejudiced by the false statements in that plaintiff withheld infor *968 mation of his identical pre-existing medical condition. See Wise v. J.E. Merit Constructors, Inc., 97-0684, p. 6 (La.1/21/98), 707 So.2d 1214, 1217-18; Resweber, 660 So.2d at 16. The fact that the record also arguably supports the conclusion that plaintiff willfully made misrepresentations about his medical history to his treating physicians subsequent to the April 28th accident (evidencing a possible LSA-R.S. 28:1208 violation) is immaterial to the WCJ’s finding that a pre-accident, LSA-R.S. 23:1208.1 violation occurred.
A forfeiture of plaintiff’s workers’ compensation benefits is mandated by LSA-R.S. 23:1208.1 in this case. Because we affirm the judgment of the WCJ based on the direct relationship between plaintiffs admitted false statements and the medical condition for which he is claiming benefits, we need not address whether the false statements affected defendant’s ability to receive reimbursement from the second injury fund. See LSA-R.S. 23:1208.1; Suarez v. Anderson Industrial Scaffolding, 02-0195, p. 3 (La.App. 1 Cir. 12/31/02), 837 So.2d 142, 144, writ denied, 03-0351 (La.4/21/03), 841 So.2d 799; Trench, 672 So.2d at 333 n. 1.
The factual findings of a WCJ may not be disturbed on appeal absent a finding of manifest error. See Hull v. Fluker Farms, 00-0757, p. 6 (La.App. 1 Cir. 5/11/01), 787 So.2d 535, 539, writ denied, 01-2291 (La.11/16/01), 802 So.2d 612; Trench, 672 So.2d at 333. Just as the WCJ was not persuaded, we are not persuaded by plaintiffs assertion that he simply forgot about his previous lower back injuries and radiating leg pain, for which he had received medical treatment on numerous occasions prior to his hiring by defendant. Plaintiffs false statements made to defendant and his subsequent denials of a lower back condition were not inconsequential. The false statements regarding the previous back condition involved identical lifting-type injuries and identical documented complaints of lower back pain (a herniated disc at the C5-S1 level) with radiating right leg pain. Given plaintiffs medical history, the subsequent aggravation of his lower back condition was extremely likely to occur. Therefore, the false statements were directly related to the injuries that plaintiff alleged had occurred |7in the April 28th accident. Based on a review of the record as a whole, we find no manifest error in the WCJ’s judgment. We affirm the WCJ’s judgment dismissing plaintiffs claim at his costs. Costs of this appeal are assessed to plaintiff.
AFFIRMED.

. Additionally, plaintiff argues in his brief, but does not assign as error, that the WCJ committed manifest error in failing to find that defendant had willfully made misrepresentations during discovery in order to avoid paying plaintiff workers’ compensation benefits. Because the issue was not assigned as error, we pretermit an in-depth discussion and simply note that we find no manifest error in the WCJ’s judgment. Uniform Rules — Louisiana Courts of Appeal, Rule 2-12.4.