HUGHES, J.
| gThis appeal from the Office of Workers’ Compensation presents the issue of whether the workers’ compensation claimant forfeited his rights to workers’ compensation under LSA-R.S. 23:1208.1.
FACTS AND PROCEDURAL HISTORY
On April 15, 2002, Edward Buggage, while in the employ of Volks Constructors (Volks), was thrown from the back of a truck in which he was riding when the driver accelerated the vehicle suddenly. Mr. Buggage contends he suffered head, neck, and back injuries as a result. It was subsequently discovered that Mr. Buggage failed to disclose prior back and neck injuries on his employer’s new hire medical health questionnaire, prompting Volks to deny workers’ compensation benefits.
On January 16, 2004, Mr. Buggage filed a “Disputed Claim for Compensation” with the Office of Workers’ Compensation (OWC). Following a hearing on November 12, 2004, the OWC judge ruled that Mr. Buggage had forfeited his rights to workers’ compensation benefits because he had violated LSA-R.S. 23:1208.1. Mr. Bug-gage appeals this judgment and asserts as error the trial court finding that the defendant met its burden of proof under LSA-R.S. 23:1208.1.
LAW AND ANALYSIS
The workers’ compensation statutes provide two separate anti-fraud forfeiture provisions that employers may use to affirmatively defend against paying a claim. When a falsity has been made on an employer’s medical questionnaire before the accident or injury, LSA-R.S. 23:1208.1 applies. Leonard v. James Industrial Constructors, 2003-0040, p. 4 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, 728, writ denied, 2004-1447 (La.9/24/04), 882 So.2d 1139. When a claimant makes a false statement orjjmisrepresentation during a pending claim for the specific purpose of obtaining workers’ compensation benefits to defraud the system, LSA-R.S. 23:1208 applies. Wise v. J.E. Merit Constructors, Inc., 97-0684, p. 6 (La.1/21/98), 707 So.2d 1214, 1217. It is argued that LSA-R.S. 23:1208.1 applies to the instant case.
In order to encourage the employment of physically handicapped employees who have a permanent partial disability by protecting employers from excess liability for workers’ compensation for disability that may result when a subsequent injury to such an employee “merges” with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone, the legislature created the Second Injury Fund. An employer who knowingly employs or knowingly retains in his employment an employee who suffers from a permanent partial disability as defined by the applicable statute is entitled to be reimbursed from the fund if that employee incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the “merger” of the subsequent injury with the preexisting permanent partial disability.[1] Nabors Drilling USA v. Davis, 2003- *35 0136, pp. 4-6 (La.10/21/03), 857 So.2d 407, 413. See also LSA-R.S. 23:1371(A) and LSA-R.S. 23:1378(A)(1).
In order to assist the employer in meeting its statutory burden of establishing that it “knowingly” hired a worker with a preexisting permanent partial disability so as to qualify for reimbursement from the Second Injury [ ¿Fund, LSA-R.S. 23:1208.1 permits the employer to obtain medical information from an employee or job applicant concerning preexisting conditions. The same statute that permits this inquiry also states that the employee’s failure to answer the employer’s inquiry truthfully shall result in the forfeiture of workers’ compensation benefits, provided certain enumerated circumstances are met.[2] Nabors Drilling USA v. Davis, 2003-0136 at p. 5, 857 So.2d at 413-14.
Forfeiture is a harsh remedy; therefore, statutory forfeiture provisions such as LSA-R.S. 23:1208.1 must be strictly construed. By its express terms, LSA-R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement, (2) prejudice to the employer, and (3) compliance with the notice requirements of the statute. The employer has the burden of proving each of the elements required by the statute. The lack of any one of the elements is fatal to the employer’s avoidance of liability under the statute. Nabors Drilling USA v. Davis, 2003-0136 at pp. 5-6, 857 So.2d at 414.
Untruthful answers alone do not result in the forfeiture of benefits under LSA-R.S. 23:1208.1. The employer must also prove that it provided the employee with notice comporting with the dictates of the statute. In addition to the notice requirement, the legislature has decided to specifically impose a requirement that the untruthful statement concerning a pri- or injury | Rwill result in forfeiture of benefits only when the false statement causes prejudice to the employer. The provisions of LSA-R.S. 23:1208.1 strike a careful balance that reflect the legislature’s recognition of the harshness of the forfeiture penalty and attempts to ameliorate the harshness of that penalty for the individual who is simply in the position of trying to obtain or maintain gainful employment, while at the same time preserving the goal of the Second Injury Fund, which is to enhance employment opportunities for those who have been previously disabled. Thus, it is not every untruthful statement on a medical history questionnaire that will result in the forfeiture of workers’ compensation benefits for a sub- *36 sequent work-related injury. It is only those statements that rise to the level of meeting the statutory proviso of LSA-R.S. 23:1208.1 that will subject the employee to forfeiture. The “prejudice” that must be incurred by the employer for forfeiture to apply is specifically defined by the statute. The untruthful statement must directly relate to the medical condition for which a claim for benefits is made, or it must affect the employer’s ability to receive reimbursement from the Second Injury Fund.[3] Nabors Drilling USA v. Davis, 2003-0136 at pp. 6-7, 857 So.2d at 414-15.
In the instant case, a Yolks’ employment questionnaire, signed by Mr. Buggage and dated November 6, 2001, was filed into evidence. At the top of the questionnaire was the following:
InNOTICE TO ALL EMPLOYEES
As you complete the questionnaire (on back), you should be aware that:
FAILURE TO ANSWER TRUTHFULLY MAY RESULT IN FORFEITURE OF YOUR [WORKERS’] COMPENSATION BENEFITS UNDER LA R.S. 23:1208.1.
The following questions were included in the questionnaire:
Have you ever had a disease or disability arising from your occupation?
[[Image here]]
Have you ever received workers’ compensation benefits for an injury that occurred?
[[Image here]]
Have you ever been rejected for employment, insurance, or military service because of health?
* * *
Have you ever had back trouble or injury to your back, head or neck?
[[Image here]]
Do you have any restrictions or limitations upon your physical activities?
[[Image here]]
Do you have any other long-term health problems or adverse physical conditions?
Mr. Buggage checked “NO” to each of these questions.
Despite the assertions of Mr. Buggage upon beginning employment with Volks that he had no prior “trouble” or injury to his back, head, or neck, the OWC judge found to the contrary. Specifically, the OWC judge found that the evidence presented established that Mr. Buggage had, prior to seeking employment with Volks, presented himself for medical treatment on several occasions for back injury, as *37 well as for neck and shoulder injury, for a knee injury, and. had been treated for long-term hypertension. The OWC judge concluded:
The Court realizes that people are human and may forget things; however, had he left one or two questions out, the court “may” have given employee the benefit of the doubt concluding that he forgot or overlooked those particular items, but the employee categorically denying everything is suspicious.
Because of the numerous false statements made by employee on his questionnaire, his assertions as to his ability to work at a heavy duty level, and his assertions that he had no other back injuries, his claims are called into question. He clearly was taken off of work for his neck, knee and back and given restrictions. Those restrictions prevented him from working heavy-duty jobs during various times.
[[Image here]]
|7...[I]t is clear from the medical records in evidence that employee had a [preexisting] degenerative disc disease prior to starting work at Volks and this put him at risk for a subsequent injury. These [preexisting] problems directly relate to employee’s current claims of a back injury. Additionally, the employer had the right to know this information and expected truthful answers on its Medical History Questionnaire.
As to employee’s neck and shoulder injury, the medical records show [preexisting] neck and shoulder problems prior to starting work at Volks which put employee at risk for a subsequent injury. These [preexisting] problems directly relate to employee’s current claims of head, neck and shoulder injury. Again, the employer had the right to know this information and expected truthful answers on its Medical History Questionnaire.
All of this being said, this Court finds in favor of defendant and against employee and finds that employee violated the provisions in relation to [LSA-R.S.] 23:1208.1 and consequently forfeits any entitlement to workers’ compensation benefits.
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. The two-part test for the appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding, and (2) whether the record further establishes that the finding is not manifestly erroneous. Dulin v. Levis Mitsubishi, Inc., 2001-2457, p. 4 (La.App. 1 Cir. 12/20/02), 836 So.2d 340, 343-44, writ denied, 2003-0218 (La.3/28/03), 840 So.2d 576.
After a thorough review of the record presented to this court on appeal, we find no error in the facts found and conclusions reached by the OWC. Of particular interest is the testimony of Dr. A. Delmar Walker, Jr., who testified that the L3, L4 changes revealed by Mr. Buggage’s diagnostic studies were consistent with preexisting degenerative changes. Dr. Walker further stated that although Mr. Bug-gage’s bulging disc at L5 could be consistent with a traumatic disc injury, since it was a “focal defect,” it was necessary to evaluate the claimant’s medical history to make that determination. Because Mr. Buggage did not exhibit any objective signs of nerve root irritation and did not report low back pain to medical providers on |sthe date of the accident, it was Dr. Walker’s opinion that the disc herniation was not traumatieally induced on day of the accident in question. Dr. Walker concluded that Mr. Buggage had suffered an aggravation of preexisting neck and back *38 conditions. Further, Dr. Walker’s testimony indicated that a preexisting abnormal back condition can predispose a worker to subsequent injury.
Based on this testimony along with the medical records of the claimant introduced into evidence, we find the OWC judge had a reasonable basis for finding that Mr. Buggage’s undisclosed prior back and neck conditions were directly related to the injuries he suffered during his employment with Volks. Because the pre-employment injuries/conditions were not disclosed to Volks on the medical history questionnaire, Volks could not have qualified the claimant’s subsequent injury for coverage by the Second Injury Fund; thus Volks was prejudiced by the claimant’s false statements. Accordingly we find no error in the ruling of the OWC that the claimant’s untruthful answers directly related to the medical conditions that are the subject of this claim and that forfeiture under LSA-R.S. 23:1208.1 was warranted. See Dulin v. Levis Mitsubishi, Inc., 2001-2457 at p. 7, 836 So.2d at 346.
CONCLUSION
For the reasons assigned herein, the judgment of the Office of Workers’ Compensation is affirmed; all costs of this appeal are to be borne by claimant, Edward Buggage.
AFFIRMED.

. According to LSA-R.S. 23:1371(C), the "merger” of an injury with a preexisting permanent partial disability for purposes of Second Injury Fund reimbursement is limited to the following: (1) the subsequent injury would not have occurred but for the preexisting permanent partial disability; or (2) the disability resulting from the subsequent injury *35 in conjunction, with the preexisting permanent partial disability is materially and substantially greater than that which would have resulted had the preexisting permanent partial disability not been present, and the employer has been required to pay and has paid compensation for that greater disability. Nabors Drilling USA v. Davis, 2003-0136 at p. 12, 857 So.2d at 418.

. These circumstances are set forth in LSA-R.S. 23:1208.1, which provides:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the Second Injury Fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such-notice shall be prominently displayed in bold-faced block lettering of no less than ten point type.

. An employer’s right to reimbursement is not automatic. The employer is not entitled to reimbursement from the Second Injury Fund merely because an employee with a preexisting disability is subsequently injured. The employer has the burden of proving each element entitling him to reimbursement. Thus, to be reimbursed from the Second Injury Fund, an employer must prove three elements. First, the employer must prove that the employee had a permanent partial disability satisfying the requirements of LSA-R.S. 23:1378(F), i.e. that the employee’s preexisting condition is of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining re-employment if the employee should become unemployed. Second, the employer must prove that he had actual knowledge of the employee’s permanent partial disability before the occurrence of the injury forming the basis of the compensation claim, as required by LSA-R.S. 23:1378(A)(4). And thirdly, the employer must prove that the permanent partial disability merged with the injury to produce a greater disability. Nabors Drilling USA v. Davis, 2003-0136 at pp. 8-9, 857 So.2d at 416.