PETTIGREW, J.
|2In this workers’ compensation dispute, the claimant, Joan M. Richardson, alleged that she was involved in an on-the-job accident while employed by North Oaks Hospital (“North Oaks”). After a one-day trial, the Office of Workers’ Compensation (“OWC”) judge rendered judgment in favor of North Oaks, finding that although Ms. Richardson was involved in a work-related injury, she failed to carry her burden of proof that the accident had a causal relation to the alleged residual injury claims for any parts of her body after the first two days post-accident. The OWC judge also found that Ms. Richardson violated La. R.S. 23:1208[1] and 23:1208.1[2] *363 and “made knowingly false statements and representations for the purpose of obtaining workers’ compensation benefits.” The OWC judge assessed a civil penalty of $2,000.00 against Ms. Richardson Rand ordered her to pay restitution to North Oaks in the amount of $8,000.00 for attorney fees plus the costs of litigation. A judgment in accordance with the OWC judge’s findings was signed on April 8, 2011. This appeal by Ms. Richardson followed.
According to the record, Ms. Richardson filed a motion for appeal in proper person on May 23, 2011, and was granted pauper status. The appeal was returnable to this court on July 7, 2011, and Ms. Richardson was given until August 7, 2011, to file her appeal brief. On August 15, 2011, a Notice of Abandonment of Appeal pursuant to Uniform Rules — Courts of Appeal, Rule 2-8.6[3] was sent to Ms. Richardson notifying her that no appeal brief had been received and that her appeal would be dismissed if a brief on her behalf was not filed on or before September 14, 2011. On September 13, 2011, Ms. Richardson filed a letter addressed to Christine L. Crow, Clerk of Court, with this court. Attached to the letter was a copy of the Notice of Signing *364 of Final Judgment and Written Reasons, a copy of the Final Judgment, a copy of the Written Reasons for Final Judgment, and copies of various documents and medical records introduced by both parties as exhibits at trial. As Ms. Richardson presumably filed this letter in response to the Notice of Abandonment regarding the brief that was due, we will consider same as her appellate brief.
In response to Ms. Richardson’s brief, North Oaks points out that Ms. Richardson failed to include any issues for review and/or assignments of error. At first glance, it would seem as though an argument could be made for dismissal of Ms. Richardson’s |4appeal for failure to comply with Uniform Rules — Courts of Appeal, Rule 2-12.4.[4] While Rule 2-12.4 sets forth a penalty of contempt, it does not provide for the dismissal of the appeal as a penalty for violating the rule. Likewise, Uniform Rules-Courts of Appeal, Rule 2-12.13, which addresses non-compliant briefs, does not set forth the dismissal of the appeal as a penalty; instead it provides that “[bjriefs not in compliance with these Rules may be stricken in whole or in part by the court, and the delinquent party ... may be ordered to file a new or amended brief.” Thus, the sanction to be imposed for a non-conforming brief is left to the discretion of the court. See Williams v. Fischer, 439 So.2d 1111, 1112 (La.App. 1 Cir.1983).
An appeal is not to be dismissed for a mere technicality. See La.Code Civ. P. art. 2161; Williams, 439 So.2d at 1112. Moreover, appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. U.S. Fire 5Ins. Co. v. Swann, 424 So.2d 240, 244 (La.1982). In her September 13, 2011 brief to this court, Ms. Richardson *365 does set forth the basic premise of her case. She also argues that she is entitled to workers’ compensation benefits and medical mileage reimbursement and disputes the OWC judge’s finding that she violated La. R.S. 23:1208 and 1208.1. Thus, although not a typical appellate brief, which conforms to Rule 2-12.4 with statements of the jurisdiction of the court, a concise statement of the case, the trial court’s ruling, specification of errors, issues for review, argument confined to the cases’ issues with accurate record citations and authorities, and a short conclusion stating the relief sought; under the circumstances of this case, we feel that striking the brief and/or dismissal of the appeal would be an unreasonably harsh remedy to impose on Ms. Richardson and in deprivation of her right to appeal. Accordingly, we maintain Ms. Richardson’s appeal.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. In applying this standard of review, the appellate court must determine whether the fact finder’s conclusions are reasonable, not whether the trier of fact was right or wrong. Id. Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Id. Even where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier of fact, the court of appeal may not reverse if the fact finder’s findings are reasonable in light of the record reviewed in its entirety. Id. (quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990)).
After a thorough review of the record and exhibits in this matter, we conclude that the OWC judge’s factual findings are reasonable and not manifestly erroneous. Furthermore, we find no error in the OWC judge’s ruling that Ms. Richardson violated La. R.S. 23:1208 and 1208.1 with the willful intent to defraud for the purpose of obtaining workers’ compensation benefits. Thus, for the above and foregoing reasons, we affirm the judgment of the OWC judge and issue this memorandum opinion in | ^accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1 B. All costs associated with this appeal are assessed against appellant, Joan M. Richardson.[5]
AFFIRMED.

. Louisiana Revised Statutes 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
*363 D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for forfeiture of benefits under La. R.S. 23:1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12.

. The clear terms and purposes of La. R.S. 23:1208.1 require that employers notify their employees, in advance, of the consequence of their failure to be candid about prior injuries as follows:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
In this case, the OWC judge ruled that North Oak’s questions did in fact contain the required notice of possible forfeiture of benefits pursuant to La. R.S. 23:1208.1 for failure to answer truthfully.

. Uniform Rules-Courts of Appeal, Rule 2-8.6 states:
For civil appeals, if an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be mailed by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is mailed, the appeal shall be dismissed as abandoned. Provided, however, that irrespective of the time limit provided in Rule 2-12.7 for the appellee to file a brief, the appellee's brief shall be filed within 20 days from the due date shown on the notice of abandonment.

. Uniform Rules-Courts of Appeal, Rule 2-12.4 states:
The brief of the appellant or relator shall set forth the jurisdiction of the court, a concise statement of the case, the ruling or action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.
A copy of the judgment, order, or ruling complained of, and a copy of either the trial court’s written reasons for judgment, transcribed oral reasons for judgment, or minute entry of the reasons, if given, shall be appended to the brief of the complaining litigant on appeal. If reasons for judgment were not given, the brief shall so declare.
Citation of Louisiana cases shall be in conformity with Section VIII of the Louisiana Supreme Court General Administrative Rules. Citations of other cases shall be to volume and page of the official reports (and when possible to the unofficial reports). It is recommended that where United States Supreme Court cases are cited, all three reports be cited, e.g., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When a decision from another state is cited, a copy thereof should be attached to the brief.
The argument on a specification or assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. The court may disregard the argument on that error in the event suitable reference to the record is not made.
All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

. Although Ms. Richardson filed this appeal in fomia pauperis, since we find no merit in her appeal, appeal costs may be assessed against her. See Johnson v. State Dept. of Social Services, 05-1597, p. 11 n. 10 (La.App. 1 Cir. 6/9/06), 943 So.2d 374, 381 n. 10, writ denied, 06-2866 (La.2/2/07), 948 So.2d 1085.