HOLDRIDGE, J.
Lin this workers’ compensation action, the employee, Mr. Todd Porche, appeals the judgment of the Office of Workers’ Compensation Administration (OWCA) denying his claim for reinstatement of workers’ compensation benefits. The employer, Guichard Operating Co., LLC (Guichard), and its insurer, The Gray Insurance Company (Gray), answer the appeal. Based on a careful review of the record before us, we affirm.
FACTUAL AND PROCEDURAL HISTORY
When Mr. Porche was working for Guichard as a derrick hand, he fell from a height of eight to fourteen feet onto the steel rig floor, injuring his back and head. Gray paid workers’ compensation benefits from September 11, 2018, the date of the accident, through March 13, 2014. On March 14, 2014, Guichard and Gray filed a disputed claim for compensation against Mr. Porche. They alleged that he violated La. R.S. 23:1208 and 23:1208.1[1] and therefore forfeited all benefits and owed restitution, interest, and costs. Mr. Porche on April 23, 2014 also filed a disputed claim for compensation against Guichard and Gray, alleging that his workers’ compensation benefits had been wrongfully terminated, that a recommended back surgery was wrongfully denied, and that he was entitled to penalties and attorney’s fees. The two actions were consolidated.
After a four-day trial (October 9, 2014, October 10, 2014, November 17, 2014, and March 26, 2015), the workers’ compensation judge rendered judgment denying Mr. Porche’s claims, denying Guichard and Gray’s claims, and assessing each party with its own costs. The judgment was signed on August 12, 2015. | ^Meanwhile, Mr. Porche filed a motion to reopen the case on June 5, 2015, a hearing was held on June 19, 2015, and the judgment denying the motion was signed on October 6, 2015.
Mr. Porche appealed, asserting that the workers’ compensation judge erred in: (1) denying his motion to reopen the case and submit new evidence and (2) holding that he did not meet his burden of proof in establishing by a preponderance of evidence that his back fracture was due to the work-related fall. Guichard and Gray answered the appeal, contending that the workers’ compensation judge erred in: (1) failing to find that Mr. Porche violated La. R.S. 23:1208 due to his alleged misrepresentations about selling scrap metal and income therefrom; (2) failing to find that Mr. Porche violated La. R.S. 23:1208 due to his alleged misrepresentations about his prior medical history and injury history; (3) failing to find that Mr. Porche violated La. R.S. 23:1208.1; and (4) failing to assess Mr. Porche with costs.
STANDARD OF REVIEW AS TO FACTUAL FINDINGS
Factual findings in workers’ compensation cases are subject to the manifest *706 error or clearly wrong standard of appellate review. Richardson v. North Oaks Hosp., 2011-1258 (La.App. 1 Cir. 2/13/12), 91 So.3d 361, 365. In applying this standard of review, the appellate court must determine whether the fact finder’s conclusions are reasonable, not whether the trier of fact was right or wrong. Id. Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Id. Even where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier of fact, the court of appeal may not reverse if the fact finder’s findings are reasonable in light of the record reviewed in its entirety. Id. When findings are based on a credibility determination, a fact finder’s |4decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous. Clark v. Godfrey Knight Farms, Inc., 2008-1723 (La.App. 1 Cir. 2/13/09), 6 So.3d 284, 290, writ denied, 2009-0562 (La. 5/29/09), 9 So.3d 163. The workers’ compensation judge has considerable discretion in accepting or rejecting expert testimony. See Jackson v. Stanley, 2013-1686 (La.App. 1 Cir. 5/30/14), 147 So.3d 743, 746. Expert testimony is to be weighed the same as any other evidence, and the trier of fact may accept or reject, in whole or in part, the opinion expressed by an expert as to ultimate facts, based upon the other evidence submitted at trial. See Estate of Riggs v. Way-Jo, L.L.C., 2011-1651 (La.App. 1 Cir. 12/28/12), 2012 WL 6737835, p. 12, writs denied, 2013-0239, 2013-0246, 2013-0253 (La. 4/1/13), 110 So.3d 587. Where a workers’ compensation judge’s factual determinations are based on a credibility determination, the manifest error standard of review demands great deference to the trier of fact’s findings, for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said. Varnado v. Sanderson Farms, 2014-1305 (La.App. 1 Cir. 3/6/15), 166 So.3d 340, 344.
MR. PORCHE’S ASSIGNMENT OF ERROR NUMBER TWO
We will initially consider Mr. Porche’s second assignment of error regarding whether the workers’ compensation judge erred in finding that he did not establish that the work accident caused his disability. In very thorough written reasons for judgment, the workers’ compensation judge found the September 11, 2013 work accident caused a head laceration and a soft tissue muscular injury. She determined that the T-12 vertebrae fracture that Mr. Porche sought to attribute to the fall occurred before this work accident. Further, the workers’ compensation judge found that the fracture was not aggravated by the accident, but the muscle ^tissues and ligaments surrounding the area were. She concluded that those issues resolved by the time benefits were terminated on March 13, 2014, and that any remaining disability was due to Mr. Porche’s preexisting condition.
As the workers’ compensation judge stated in her reasons for judgment, Mr. Porche was in eleven accidents from 1995 through 2013, excluding the September 11, 2013 accident. Two accidents were work-related and the remaining eight were motor vehicle accidents. Mr. Porche reported back pain, among other issues, following eight of his prior accidents. In a 2005 accident, Mr. Porche fell, injured his neck and back, and sustained a compression fracture of the T-12 vertebrae. On March 13, 2013, he was in a motor vehicle accident requiring subsequent medical treatment through July 23, 2013. His complaints included back pain, and he settled his claim for $10,000.00 on September 24, *707 2013, less than two weeks after the September 11,2013 work accident. -
Guichard and Gray’s medical expert, Dr. Christopher Cenac, who performed an independent medical examination on Mr. Porche and reviewed his complete medical history, opined that “any issues [Mr. Porche] had certainly pre-dated this alleged injury” and had “absolutely nothing to do with the work-related accident.” Mr. Porche did not have a medical expert testify to refute Dr. Cenac’s medical opinion. The workers’ compensation judge found that because of the closeness in time between Mr. Porche’s March 2013 car accident and his September 2013 work accident, he was not entitled to the presumption of causation.[2] We have reviewed the evidence and find no manifest error in the workers’ compensation judge’s finding that Mr. Porche failed to prove that the back fracture and any , disability | ^herefrom were not due to the fall. See Magee v. Abek, Inc., 2004-2554 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, 806, writ denied, 2006-1876 (La. 10/27/06), 939 So.2d 1287. Mr. Porche’s second assignment of error lacks merit.
GUICHARD AND GRAY’S ASSIGNMENTS OF ERROR NUMBERS ONE, TWO AND THREE
We will next consider Guichard and Gray’s assignments of error as to the workers’ compensation judge’s finding that Mr. Porche did not violate La. R.S. 23:1208 and 1208.1. Pursuant to La. R.S. 23:1208, an employee who makes a false statement for the purpose of obtaining workers’ compensation benefits shall forfeit any right to compensation benefits. This broadly-worded statute encompasses any false statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. Malone-Watson v. Strategic Restaurants, 2014-1191 (La.App. 1 Cir. 6/11/15), 176 So.3d 417, 419. An employer has the burden of proving each element within the statute and the lack of any one of the elements is fatal to the employer’s avoidance of liability. Varnado, 166 So.3d at 343. However, the burden of proof under. La. R.S. 23:1208 requires more than a mere showing of inconsistent statements or inadvertent admissions by the claimant. Clark, 6 So.3d at 290. Rather, there must be a showing that a misrepresentation was willfully made for the purpose of obtaining benefits. Id. The statutory forfeiture of workers’ compensation benefits for misrepresentations concerning those benefits is a harsh remedy and must be strictly construed. Malone-Watson, 176 So.3d at 420. The issue of whether an employee forfeited workers’ compensation benefits is one of fact, which is not to be overturned on appeal absent manifest error. Clark, 6 So.3d at 290.
17The workers’ compensation judge found that Mr. Porche did not violate La. R.S. 23:1208 when he earned $1,355.09 selling 15,132 units of scrap metal after the accident through July 25, 2014. The workers’ compensation judge found that due to Mr. Porche’s intellectual level, his limited ability to read and write, and his failure to understand what activities were prohibited under the statute, .he did *708 not engage in a willful false representation to obtain workers’ compensation benefits when he sold scrap metal. See Frederick v. Port Aggregates, Inc., 2007-552 (La.App. 3 Cir. 10/31/07), 968 So.2d 1169, 1173-74.
The evidence clearly establishes that Mr. Porche gave a false statement in his deposition as to whether or not he was selling scrap metal. The question then becomes whether Mr. Porche made the statement “for the purpose of obtaining or defeating any benefit of payment.” See La. R.S. 23:1208(A). La. R.S. 23:1208(G) provides that when an employee receives benefits for more than thirty (30) days, the employee shall upon reasonable request report his other earnings to his employer’s payor on a form prescribed by the director and signed by the employee. Clearly, the sale of scrap metal would fall into the category of “other earnings.” Mr. Porche did submit such a report as requested on October 16, 2013. LWC-WC-1025EE. Form 1025EE, however, provides in part, “[a]s an injured worker, you must notify your employer or insurer of the earnings of any wages, .... ”[3] (Emphasis added). Black’s Law Dictionary and Webster’s Dictionary define a Rwage as a payment for services. See BLACK’S LAW DICTIONARY 815 (Abridged 5th ed. 1983) and Webster’s Ninth New Collegiate Dictionary (1991). The sale of scrap metal by Mr. Porche, therefore, is not a wage. Hence, Mr. Porche did not violate La. R.S. 23:1208 because the Form 1025EE Mr. Porche signed speaks in terms of reporting wages and La. R.S. 23:1208 speaks in terms of reporting earnings. The term “earnings” is defined in Black’s Law Dictionary as being broader in meaning than wages and specifically includes “the sale of goods.” See BLACK’S LAW DICTIONARY 266 (Abridged 5th ed. 1983). This inconsistency creates ambiguity and confusion. Therefore, Guichard and Gray’s first assignment of error lacks merit.
Guichard and Gray also assign as error the workers’ compensation judge’s finding that Mr. Porche did not violate La. R.S. 23:1208 by presenting an incomplete medical history after the accident to one or more medical providers, specifically Dr. Cenac and Terrebonne General Medical Center. The workers’ compensation judge stated that Mr. Porche did not misrepresent his previous medical history at the hospital because he suffered trauma after falling from eight to fourteen feet.[4] The workers’ compensation judge also stated that Mr. Porche did not violate La. R.S. 23:1208 by providing Dr. Cenac with an incomplete medical history because Dr. Cenac had Mr. Porche’s medical records. She also commented that Dr. Cenac testi *709 fied that he generally reviewed a patient’s medical history after examining the patient and that he noted in his initial report that Mr. Porche had been in nine previous accidents, so he was aware of Mr. Porche’s prior medical | ¡¡history.[5] After thoroughly reviewing the testimony and evidence, we cannot say that the workers’ compensation judge’s findings that Mr. Porche did not violate La. R.S. 23:1208 are manifestly erroneous. Their second assignment of error lacks merit.
Guichard and Gray complain that the workers’ compensation judge erred in finding that Mr. Porche did not violate La. R.S. 23:1208.1 in failing to completely disclose his medical history on his job application forms. In her reasons for judgment, the workers’ compensation judge stated that Mr. Porche did not violate La. R.S. 23:1208.1 because Ms. Deborah Hanks, the secretary for Guichard, testified that Mr. Porche was hired without the second injury questionnaire being answered. She noted that Mr. Porche was removed from the room while the medical history questionnaire was being completed, and he relied upon his wife, Mrs. Stacie Porche, to complete the application for him.[6] The workers’ compensation judge also stated that Mr. Porche worked for Guichard on án'd off over several years, making Guichard knowledgeable and aware of Mr. Porche’s physical abilities and condition.
Guichard and Gray contend that they were prejudiced by Mr. Porche’s answers because they affected Guichard’s ability to receive reimbursement from the second injury fund. They assert that Mr. Porche had a pre-existing permanent | inpartial disability in the form of a multiple cervical disc herniation and that Dr. Cenac testified as to the “merger” of the subsequent injury with this pre-existing permanent partial disability. Guichard and Gray also challenge Mr. and Mrs. Porche’s testimony as to the circumstances surrounding their filling out the form. They argue that the Porches’ testimony was inconsistent as to why Mrs. Porche answered “none” as to “6. What operations, accidents, broken bones, strains or serious illness have you had?” Therefore, they contend that the workers’ compensation judge erred in accepting the Porches’ testimony.
La. R.S. 23:1208.1 provides for the forfeiture of a claimant’s workers’ compensation benefits when.(l) the claimant made false statements concerning a prior injury in response to such an inquiry (untruthful statements), (2) the false statements are directly related to the medical condition for which the claimant is seeking benefits or to the employer’s ability to receive reimbursement from the second injury fund (prejudice to the employer), and (3) the employer has provided contemporaneous *710 notice to the claimant that false statements made in response to the inquiry may result in forfeiture of workers’ compensation benefits (compliance with statutory notice provisions). See Ambeau v. Cajun Constructors, Inc., 2002-2503 (La.App. 1 Cir. 9/26/03), 855 So.2d 964, 967, writ denied, 2003-3029 (La. 1/30/04), 865 So.2d 81; Buggage v. Volks Constructors, 2005-2002 (La.App. 1 Cir. 9/20/06), 945 So.2d 33, 35, writ denied, 2006-2757 (La. 1/26/07), 948 So.2d 170. The employer has the burden of proving each of the elements required by the statute. Nabors Drilling USA v. Davis, 2003-0136 (La. 10/21/03), 857 So.2d 407, 414.
The “prejudice” that must be incurred by the employer for forfeiture to apply is specifically defined by the statute. Nabors, 857 So.2d at 415. Under the first prong of the “prejudice to the employer” test, a direct relation is established when |nthe subsequent injury was inevitable or very likely to occur because of the presence of the pre-existing condition. Wise v. J.E. Merit Constructors, Inc., 97-0684 (La. 1/21/98), 707 So.2d 1214, 1220. Under the second prong, involving “merger,” the employer must prove that the employee had a permanent partial disability that merged with the injury to produce a greater disability than would have resulted from the subsequent injury alone. Id.; see also La. R.S. 23:1371(0.
Guichard and Gray focus in their brief on the worker’s compensation judge’s statements in her reasons for judgment that Mr. Porche’s wife completed the medical history form because he was called away by a Guichard employee to watch a safety video and take a drug test. The record establishes that Mr. Porche repeated third, fourth and sixth grades; dropped out of school at sixteen years old; and could “barely read or write.” He had vocational testing that indicated he read at a second grade level, could be classified as illiterate and “would not be capable of functioning in office environments which require ... completion of forms.” In his medical records from Our Lady of Lourdes dated February 25, 2004, the comment section of the patient information form contains the statement, “Patient states he can not [sic] read or write ....” He testified that he could not read the newspaper. Mrs. Porche testified that her reading skills were also limited. She dropped out of school in the seventh grade and relied on her sister-in-law to help her with the application. Of the four medical history questionnaires that Guichard and Gray submitted into evidence,[7] Mrs. Porche filled out most of the applications and Mr. Porche signed them.
|1gMr, and Mrs. Porche testified that Ms. Hanks indicated that they did not need to worry about writing all of Mr. Porche’s doctors’ names and all of his muscle strains. Ms. Hanks denied these statements when she testified. She also testified that she did not ask him about question 6 because “none” was written after it so she assumed he understood the question. However, she also testified that she did ask him whether his answer “none” was correct. She responded affirmatively when asked whether Mr. Porche was hired before he finished filling out the application because Clyde, who was in charge of hiring, brought him to take a drug screen and watch a safety video.
*711 Moreover, Guichard and Gray did not establish that they were prejudiced by his failure to disclose his prior injuries. In their appellate brief, Guichard and Gray rely on the following testimony from Dr. Cenac to establish prejudice:
Q: [B]ut if he has any injury, wouldn’t that merge with his prior condition to create a greater problem and a greater out of work time and a greater everything than otherwise would have been there?
In other words, if somebody is healthy and there [isn’t anything] wrong with them, they have an injury, those people who were healthy beforehand would heal up quicker and et cetera than somebody with a history like this; isn’t that right?
A: Absolutely.
This testimony alone is insufficient to meet the employer’s burden of proof pursuant to La. R.S. 23:1208.1. Forfeiture is a harsh remedy; therefore, statutory forfeiture provisions such as La. R.S. 23:1208.1 must be strictly construed. Nabors, 857 So.2d at 414. As with the workers’ compensation judge’s previous rulings, the ruling that Guichard and Gray are not entitled to penalties under La. R.S. 23:1208.1 is also a factual finding, which is supported by the record and is not manifestly erroneous.[8] This assignment of error lacks merit.
J^GUICHARD AND GRAY’S ASSIGNMENT OF ERROR NUMBER FOUR
In their fourth assignment of error, Guichard and Gray contend that the workers’ compensation judge abused her discretion in ordering the parties to bear their own costs. In workers’ compensation cases, the awarding of costs is governed by La. R.S. 23:1317(B),[9] pursuant to which the matter lies within the sound discretion of the workers’ compensation judge. Nitcher v. Northshore Reg’l Med. Ctr., 2011-1761 (La.App. 1 Cir. 5/2/12), 92 So.3d 1001, 1013, writ denied, 2012-1230 (La. 9/21/12), 98 So.3d 342. We conclude the workers’ compensation judge did not abuse her discretion, particularly since the parties did not prevail on any of their claims. This fourth assignment of error lacks merit.
MR. PORCHE’S ASSIGNMENT OF ERROR NUMBER ONE
Lastly, we consider Mr. Porche’s first assignment of error in which he contends that that the workers’ compensation judge erred in refusing to reopen the record so he could submit additional evidence that he alleged was unforeseen and did not exist at the time of trial. More specifically, he sought to introduce evidence that in April and May of 2015, Mr. Porche went to Shreveport Medical Hospital, a charity *712 hospital, and had the surgery previously recommended on his back by Dr. George R. Williams, an orthopedic surgeon who saw Mr. Porche on October 1 and 22, 2013, January 23, 2014, and June 10, 2014. The reopening of a case is within the discretion of the district court and will not be interfered with by the reviewing court absent manifest error. Nezat v. Guzman, 2014-0358 (La.App. 1 Cir. 3/17/15), 2015 WL 1231551, p. 3, writ denied, 2015-0748 (La. 5/15/15), 170 So.3d 970. Considering the record and these precepts, we find no abuse of discretion in the workers’ compensation judge’s refusal to reopen this case. The testimony and evidence at trial showed that the surgery was not unforeseen because it had been recommended before the trial; moreover, Mr. Porche did not show that the more recent treating physicians would have had a better opinion on causation than those treating him closer to the time of injury. Mr. Porche’s first assignment of error lacks merit.
DECREE
For the reasons discussed above, we affirm the workers’ compensation judgment. The costs of this appeal are assessed one-half to Todd Porche and one-half to Guichard Operating Company and The Gray Insurance Company.
AFFIRMED.
Welch, J., Concurs and assign reasons.
Crain, J., Concurs.

. Louisiana Revised Statutes 23:1208 provides that an employee forfeits workers’ compensation benefits and is subject to criminal and civil penalties for willfully making false statements or representations to obtain such benefits. Louisiana Revised Statutes 23:1208.1 provides that an employee forfeits workers' compensation benefits for failing to answer truthfully an employer's inquiry into the employee’s previous injuries, disabilities or other medical conditions.

. A presumption of causation is appropriate if the employee's symptoms did not manifest before the accident, but commenced with the accident and manifested themselves thereafter, and if either medical or circumstantial evidence indicated a reasonable possibility of causal connection between the accident and the onset of those symptoms. See Magee v. Abek, 2004-2554 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, 807, writ denied, 2006-1876 (La. 10/27/06), 939 So.2d 1287.

. The full text of the paragraph in Form 1025EE quoted above provides:
It is unlawful for you to work and receive workers’ compensation disability benefits, except for supplemental earnings benefits. Supplemental earnings benefits are paid when an employee is able to work, but is unable to earn 90% or more of his pre-injury wages as a result of a job related accident. As an injured worker, you must notify your employer or insurer of the earning of any wages, changes in employment or medical status, receipt of unemployment benefits, receipt of social security benefits and receipt of retirement benefits. If you receive benefits for more than 30 days, you wili be required to certify your earnings to you insurer quarterly.
(Emphasis added).

. While Dr. Joni Claville, the emergency room physician who treated Mr. Porche, testified that he was awake and alert when she treated him, "lost consciousness” is circled in the medical records from Terrebonne General Medical Center under "associated symptoms." Also, the records include the statement, "Unreliable history concerning any possible head injury.” Moreover, Dr. Cenac testified that Mr. Porche told him he "kind of blacked out” when he fell.

. Dr. Cenac stated in his report that Mr. Porche had a "very complex medical history,” specifically noting the two 2013 motor vehicle accidents and his long history of back and neck complaints dating back to 1995. Mr. Porche testified that Dr. Cenac had all his medical records when Dr. Cenac saw him for his independent medical examination.

. We note that the workers’ compensation judge considered whether Mr. Porche violated La. R.S. 23:1208 when filling out the post-hire medical questionnaire form. She found that Mr. Porche did not violate La. R.S. 23:1208 because he did not remember prior injuries and was taken away to watch a video and take a drug test before the application was complete. However, as the Louisiana Supreme Court explained in Resweber v. Haroil Const. Co., 94-2708 (La. 9/5/95), 660 So.2d 7, 14, La. R.S. 23:1208.1 applies to false statements' or misrepresentations made pursuant to employment-related inquiries regarding prior medical history, such as in an employment application or some post-employment questionnaire, and not to statements made regarding a pending claim, which are covered under La. R.S, 23:1208.

. In addition to the July 29, 2013 application at issue, Guichard and Gray submitted Mr. Porche’s applications dated October 3, 2006, July 29, 2011, and January 25, 2012 from prior employment with Guichard. On the 2011 and 2012 questionnaires, question 6 was left unanswered. The October 2006 application, filled out by Mrs, Porche, did state that Mr. Porche had a “hernia repair" from a previous accident for question 6.

. This case is distinguishable from Dulin v. Levis Mitsubishi, Inc., 2001-2457 (La.App. 1 Cir. 12/20/02), 836 So.2d 340, 346, writ denied, 2003-0218 (La. 3/28/03), 840 So.2d 576, wherein this Court affirmed the workers’ compensation judge’s finding that the employee violated La. R.S. 23:1208.1. In Dulin, this Court stated that “[a] person who signs a written contract is presumed to know its contents and cannot avoid its obligations by contending he did not read it or that it was not explained or that he did not understand it.” Id., 836 So.2d at 345. Dulin, the employee, argued that he was unable to read very well because he only received a ninth grade education, but unlike the case at bar, a previous employment questionnaire he completed showed he graduated from high school. RL, 836 So.2d at 345 n.5. Moreover, as earlier discussed, in the case at bar the workers’ compensation judge accepted the Porches’ testimony that Mr. Porche was told that he did not need to worry about listing all of his doctors’ names and muscle strains.

. La. R.S. 23:1317(B) provides that "[cjosts may be awarded by the workers’ compensation judge, in his discretion, and when so awarded the same may be allowed, taxed, as in other civil proceedings.”